### Bradt vs. Kirkpatrick and Wilson.

Where it does not appear, from the face of the complainant's bill itself, that the matter in controversy is beneath the jurisdiction of the court, the defendant can neither demur nor move to dismiss the bill on that account, but if he wishes to avail himself of that objection, he must bring it before the court by the pleadings on his part.

It is sufficient in a creditor's bill for the complainant to aver that the defendant has equitable interests, things in action, or other property of the value of $100 or more exclusive of all prior claims thereon, in the language of the 189th rule; but the more appropriate form of the averment would be to use the words of the statute, and aver that the value of the defendant's equitable interests, &c. exceeds or is more than $100.

The bringing of a writ of error, and giving security for the payment of the debt and costs, after the filing of a creditor's bill in the court of chancery, founded upon the judgment, does not necessarily stay the proceedings upon the bill; but the court of chancery in such a case may, upon a proper application, stay the proceedings, and dissolve the injunction so as to give the defendant the control of his property, upon his giving security to pay the debt with interest and costs, including the costs in the suit in chancery, upon the affirmance of the judgment, or the dismissal of the writ of error.

January 22.

This was an application to dismiss the complainant's bill for want of jurisdiction. A cross motion was made at the same time for the appointment of a receiver of the effects of the defendants. The bill was in the usual form of creditors' bills; and the complainant, after setting forth the recovery of a judgment against the defendants for $145,76, the return of an execution unsatisfied, and that the whole amount remained due, &c. averred that the defendants had equitable interests, things in action, or other property *of the value of* $100 *or more*, exclusive of all prior just claims thereon.

*J. V. N. Yates*, for the defendants, insisted that the bill should be dismissed, because the complainant had not aver-

1838.

Bradt
v.
Kirkpatrick.

red therein that the value of the defendants' assets was *more* than $100; the statute having directed the court of chancery to dismiss every suit concerning property where the matter in dispute did not *exceed* the value of $100. (2 *R. S.* 173, § 39.) He also read an affidavit, in opposition to the motion to appoint a receiver, showing that since the commencement of this suit the defendants had brought a writ of error to reverse the judgment upon which the complainant's bill was founded.

*H. C. Whelpley*, for the complainant, insisted that as the averment in the bill was in the form prescribed by the 189th rule, the bill could not be dismissed on motion; neither was it objectionable upon demurrer. He also contended that the bringing of a writ of error, after the commencement of this suit, was no answer to the application for a receiver, as the security given upon the writ of error did not stay the proceedings here, and would not cover the costs of the complainant in this suit.

THE CHANCELLOR. The intention of the court in the adoption of the 189th rule, was to compel the complainant to insert an averment in his bill in such form as to show on the face of the bill itself that the amount in dispute, exclusive of costs, exceeded $100. I perceive however, that by a mere inadvertence in substituting *or* for *and*, the language of the rule is not quite as broad as the statutory provision to which it was intended to conform. But as the averment in this bill is in conformity with the requirement of the rule, the defendant can neither demur nor move to dismiss the bill. According to the settled practice of the court as it existed previous to the adopting of this rule, the defendant could not demur or move to dismiss unless it appeared affirmatively upon the face of the bill that the matter in dispute was beneath the jurisdiction of the court of chancery; and not where it was left doubtful whether the value of the matter in controversy was more or less than the sum required. In ordinary bills, filed since the revised statutes, it is not usual to insert an averment as to the value of the

matter in controversy; but the defendant, if he wishes to avail himself of the objection to the jurisdiction, must bring the question before the court by the pleadings on his part, when the value of the property in dispute does not appear from the bill itself. Here the averment that the amount due on the judgment is considerably more than the sum required, and that the value of the defendant's property or assets is $100 *or more,* leaves it doubtful, on the face of the bill, whether it may not exceed that sum; and thus throws the burthen upon the defendants of denying that fact. The more proper form of inserting the averment in the bill, however, would be to use the language of the statute, " that the value of the defendant's equitable interests, &c. *exceeds,* or is more than $100." The application to dismiss the complainant's bill must be denied. But as the defendant's counsel has probably been misled by the language of the court in the case of *Smets* v. *Williams,* (4 *Paige's Rep.* 364,) which was used in a case where the averment was different and without adverting to the particular terms of the 189th rule, I shall not charge the defendants with costs of opposing the motion.

The bringing of a writ of error after the filing of a creditor's bill here does not necessarily stay the proceedings in this court, even where the security upon the writ of error is given in such form as to make the sureties liable for the debt and costs in the court below as well as for the costs upon the writ of error. And it does not appear in this case what the form of the security given upon the writ of error was. But as the appointment of a receiver and the further prosecution of this suit will be a useless expense to both parties if the judgment should be reversed, the injunction in this case may be dissolved and further proceedings stayed here until the decision upon the writ of error, upon the defendant's giving a bond to the complainant in the penalty of $500, with two sufficient sureties to be approved of by the injunction master, conditioned to pay the amount of the judgment and interest, with the costs of this suit, upon the affirmance of the judgment of the supreme court, or the dismissal of such writ of error. And if such bond is not filed

with the register, and notice thereof given to the complainant's solicitor, within ten days, then a receiver is to be appointed with the usual powers; and the defendants are to assign and deliver over their property to him on oath, under the direction of the master.