## Church vs. Ide and others.

In bills in this court for a moneyed demand, if the amount claimed in the bill is stated at less than $100, the bill is demurrable—if at more than $100, the defendant may not set up by plea or answer, that it is less, and thus try the fact—if it is not set up by pleading, and it appears in the course of the cause, by master's report or otherwise, that the amount is less, the court must be governed by the statute in their decree, and dismiss the bill with costs.

In bills not for moneyed demands—as in case of a bill for a specific performance of a contract for the sale of lands, to enforce a conveyance thereof—it is not necessary to state the value of the land in the

bill; and unless the defendant, by some pleading, avers that the land or thing in controversy is worth less than $100, it is not competent for him to give proofs that it is worth less than $100; and if such proofs are taken, they will be suppressed.

It is not competent for a defendant to give proofs of the value of the land or thing in controversy in this court, unless such value is made an issuable fact by the pleadings, such value is made an issuable fact by a bill for a money demand, as the complainant must prove his bill. It is not an issuable fact in bills of a different character, unless an issue is made by plea or answer.

THIS was a bill filed to compel the conveyance of one acre of land, in the town of Riga, county of Monroe, used for the manufacture of potash. The right of the complainant to a conveyance was substantially denied by the defendant Ide, his answer upon oath, however, being waived. The value of the land was not alleged in the bill, and it was not set up in the answer that the land was worth less than $100. Under a stipulation to close proofs and come to a hearing at the last term of this court, the defendant, two days before the sitting of the court, produced witnesses before the examiner, that the acre of land was worth from $25 to $100 for farming purposes, situated as it was, being a notch out of the complainant's farm upon the highway. These premises had been used for many years as an ashery, and there were buildings upon it suitable for the purposes of manufacturing potashes. There were no rebutting proofs as to the value of the lands, on the part of the complainant. The cause comes on to be heard upon pleadings and proofs.

*A. Gardiner*, for complainant.

*H. L. Stevens* and *A. Sampson*, for defendants.

Mar. 1841.

Church
v.
Ide and
others.

THE VICE CHANCELLOR. The question as to the right of the complainant to enforce a conveyance of this land, which is the subject of controversy, is so plain from the pleadings and proofs before me, that I shall not take time to write an opinion upon that point, but shall proceed at once to the other point, presented by the counsel, and argued by them as the principal point, which is both a question of costs and of jurisdiction.

In this case the complainant files his bill to enforce a conveyance of lands, of which he alleges that he has an equitable right to have a conveyance. In his bill he alleges that there have been previous conveyances of the same land at $300 or more, as the price of each conveyance; but he does not allege that the land is worth more than $100. The answer, not called for upon oath, denies that the complainant has a right to the conveyance prayed for; but does not set up by any pleading, as a bar to jurisdiction, or to present any issuable fact by a pleading, that the land is worth less than $100. Proofs are taken; and those on behalf of the defendant, show that the acre of land in controversy is taken out of the complainant's farm in a square form, upon the side of his farm adjoining a public road—that this acre has been used as an ashery for many years, with proper buildings thereon for that purpose—and that it is now covered with leached ashes—and the value the witnesses place upon it now, varies from $25 to $100. These proofs were taken by the defendant, under such circumstances that the complainant could produce no rebutting proofs. The court deem that the facts of the case are sufficient to entitle the complainant to the conveyance he asks for; and the only

question to be considered is, whether the court had
jurisdiction under the statute to award such a decree
with costs.

The statute, in Chap. 1, Part 3, Title 2, Art. 2, headed, "Of the general powers, duties, and jurisdiction of the court" of Chancery, (2 Rev. Stat. Sec. 40, new ed.) enacts that "the court of Chancery " shall dismiss every suit concerning property, where "the matter in dispute, exclusive of costs, does not " exceed the value of one hundred dollars, with costs "to the defendant." Previous to the adoption or passage of these Revised Statutes, the court of Chancery had, in analogy to the practice of the English Chancery, adopted a rule that it would not entertain jurisdiction, when the amount in controversy did not exceed fifty dollars in value. This may have been done upon the ground that it was beneath the dignity of the court, or would be oppressive to the suitors in the way of costs, or would prevent other suitors, having larger interests at stake, from being heard as early as they would otherwise be heard. Whatever the reason of the rule may have been, it was an established rule of the court of Chancery previous to the adoption of the Revised Statutes. Moore vs. Lyttle, 4 Johns. Chan. Rep. p. 183 ; Fullerton vs. Jackson, 5 Johns. Chan. Rep. 276 ; Vredenburgh vs. Johnson, 1 Hopkins' Rep. 112 ; Mitchell vs. Tigler, 1 Hopkins' Rep. 119. The section of the Revised Statutes above quoted, was doubtless intended to extend this disability of jurisdiction farther, viz. to cases where the amount in controversy should not exceed one hundred dollars, so that the same rule should afterwards apply where the matter in controversy was one hundred dollars or less, as it

did before to cases where the matter in controversy was fifty dollars or less. The difficulty is as to the application of the statute rule. If it applies to all conceivable cases, and goes to the jurisdiction of the court, it would be necessary in every bill to aver that the sum of money sought to be recovered, or the property of which a conveyance was sought to be enforced, was worth over one hundred dollars, or otherwise the bill would be demurrable. Such certainly has not been the general view of the profession, nor of the able Chancellor who is now at the head of this court. It is true, that in relation to creditors' bills which are filed for a money demand, the Chancellor, by the 189th rule, has prescribed the form of the allegations to be inserted in the bill; but as to other bills he says, in Bradt vs. Kirkpatrick, 7 Paige, 62, that "in ordinary bills, filed since the Revised Sta- " tutes, it is not usual to insert an averment as to the " value of the matter in controversy." There is in fact no such averment made in ordinary bills; yet if the views of the counsel for the defendant are to be adopted, such averment would be necessary to give jurisdiction; and if the statute goes to the jurisdiction, and such averment was wanting, the bill would be demurrable for the want thereof. The statute does not take away jurisdiction, but merely directs the disposition of the cause in a certain event. The good sense both of the old rule and of the statute, may easily be made practically applicable to cases that may arise, by looking at the objects sought by the bill; and may guide us, likewise, to the mode of obtaining such object in different cases. If the bill was filed to enforce a mere money demand—as an account, an annuity, a judgment, or a mortgage—if

the bill stated on its face the amount claimed within the rule or the statute, a demurrer would be allowed. If the bill claimed enough to give jurisdiction, the defendant might insist, by plea or answer, that the amount really due was not enough to give jurisdiction, and go to proof upon that fact. And if he did neither, as in all such cases there must be a reference to ascertain the true amount, if, upon the report under such reference, it appeared that the amount was not sufficient, the court would decline passing a decree. It is to such cases as this, that the observations of the Chancellor, in Smits vs. Williams, 4 Paige, 364, apply, when he says that a bill would be dismissed in any stage of the suit, if it appeared that the value of the matter in controversy was too small to enable the complainant to claim the aid of this court. The case there decided was a case of a money demand, a creditor's bill; and in all such cases the plaintiff must go on with the knowledge that the amount of his demand and his rights, is to be submitted to a master of this court; and he must know that, in case the report of the amount due him shows less than this court will give him a decree for, that he cannot obtain a decree with costs.

In such cases the complainant cannot be surprised at the final hearing, by the objection that the amount is too small for the jurisdiction of this court. He cannot be surprised, for the reason that he appears upon the reference to settle the amount. That is, in such cases, one of the very points in issue, and an issue made by his own bill. In bills of a different character, for instance, in bills for a specific performance of a contract for the conveyance of lands, a complainant might be surprised by this objection at

Mar. 1841.

Church
v.
Ide and
others.

the hearing, unless it was made a point in issue by the pleadings. A complainant alleges a contract for the conveyance of lands—the defendant, without setting up by plea or answer that the lands are worth less than one hundred dollars, and failing in his proofs to rebut the evidence of the contract, just as the time expires for closing proofs, offers proofs that the land is not worth one hundred dollars. The complainant in such case would hardly have any remedy. He could not offer rebutting proofs, as he is bound to give his list of witnesses before hand, and the issue made by the pleadings has not prompted him to prove any such fact. If he endeavors to get the proofs opened after they are closed, he will be met by the argument that no such fact was in issue by the pleadings, and that therefore the complainant's proofs would not be applicable; and the motion to open the proofs must be denied. It appears to me that neither the statute, nor the general practice of the profession, nor the current of judicial decisions, ever contemplated that proofs in a case of this kind could be given, unless they were justified by the pleadings; and that to justify such proofs in such case, the issue as to the amount in controversy, must be tendered by the pleading. A bill of such a character is materially different from a bill for a money demand. In the latter case, the bill itself puts the amount in issue. In the former, the complainant will be surprised, unless the amount in controversy is contested by the pleadings. He will not be prepared with proofs; and unless the point is presented by the pleadings in such cases, I must hold that proofs of value are not admissible in testimony.

In Douw vs. Sheldon, 2 Paige, 323, the Chan-

cellor intimates that if the property in controversy
was worth less than one hundred dollars, and the
defendant was insolvent, or the complainant had no
remedy at law, such a case might present an implied
exception to the statute.   If such implied exceptions
are to be tolerated at all, this is the very case for
their application.   Here the complainant is decided
to be entitled to the conveyance of the land in con-
troversy, and he has no other means of enforcing his
right, except by a suit in this court.   The land itself
is an unsightly and inconvenient notch in his farm,
upon a public highway.   It may be presumed to be
of more value to him than to any one else.   It has
been sold three times, and each time for more than
$250 ; and he is now met by unexpected proof, not
pertinent to any issue made by the pleadings, that it
is not worth one hundred dollars.   It is not neces-
sary here to determine what the judgment of the
court would be, if the proofs were relevant and sa-
tisfactory, that the land was worth less than one hun-
dred dollars.   It is sufficient here to say that the
proofs are not relevant or admissible under the plea-
dings.

It may be well, however, to remark that if the
doctrine for which the defendants' counsel contends,
is correct, no suit could ever be entertained for fa-
mily pictures, heir-looms, books of correspondence,
or other articles of the same character, whose value
could not be measured by a money standard, but by
the cherished recollections or contingent advantages
belonging to them.   Yet I apprehend no one would
suppose that the statute cut off the court of Chan-
cery from jurisdiction in such cases.   Jurisdiction has
been entertained in this court, in the case of Evans

Mar. 1841.

Church
v.
Ide and
others.

vs. Van Hall, (*ante*, 22,) almost without objection, to recover possession of books of correspondence, almost valueless in a mere pecuniary point of view, but possibly of great value in other points of view. Indeed, every case which I have looked at, where the question of jurisdiction came into consideration in consequence of the smallness of the amount, were suits for a moneyed demand. Of such character were all the cases in our own courts, before cited. Such, too, was the case of Bruce vs. Taylor, 2 Atkyns, 253, when Lord Hardwicke, upon an application for a decree to account, dismissed the bill, though no objection was made in the pleadings as to jurisdiction, but he dismissed it simply because the pleadings showed that there was less than ten pounds in controversy.

As I have said before, a case of this kind is different from that of a suit for a mere money demand; and the circumstances of this case, under the pleadings, seem to authorise me to suppress or disregard the depositions as to the value of the property, and to decree that the defendant Ide, make a conveyance of the premises to the complainant, with covenants against his own acts, with costs to be taxed against Ide.