FULLERTON
v
JACKSON.

---

FULLERTON, an infant, by VAIL, her guardian,
*against*
JACKSON and others, executors of FULLERTON.

This Court will not sustain a suit by an *infant*, for the *interest* due on a
legacy, directed by the will of the testator, to be applied to her edu-
cation, when the amount is less than *fifty dollars*, and the party may
sue the executor in a Court of Common Pleas.

*June 18th.*

BILL for two years interest, due on a legacy of 200
dollars, payable when the infant came of age, which in-

terest the testator directed, by his will, to be applied to her education. The infant was of the age of nine years, and sued by her guardian. The defendants admitted assets, and that the interest being 28 dollars, was due, which they were ready to pay, as the Court should direct.

*Chattle*, for the plaintiff.

*Case*, for the defendants.

An objection was raised, that the sum was too small for the jurisdiction of this Court.

THE CHANCELLOR. Executors are not suable before a Justice of the Peace, for a legacy. They are expressly excepted in the statute from the jurisdiction of the Justice, as to actions against them. But this suit might have been brought in the Court of Common Pleas of the county where the defendants reside, under the 19th section of the act entitled " an act concerning executors and administrators, and the distribution of intestates' estates." For a demand under 50 dollars, the plaintiff ought to have sued there; it is too expensive, and consequently oppressive, to sue in this Court, except in special cases, for so small a sum as 28 dollars. This point was fully examined in the case of *Moore* v. *Lyttle.* (4 *Johns. Ch. Rep.* 183.) I shall, therefore, dismiss the bill, but without costs and without prejudice.

Bill dismissed.