Douw *vs.* Shelden and others.

A bill to forclose a mortgage given to secure the payment of $600, at the expiration of two years from the date, with interest semi-annually, upon which, at the time of filing the bill and at the hearing, there was only $42 due for one year's interest, cannot be sustained, as the matter in controversy does not exceed the value of $100.

And the court could not entertain jurisdiction of the cause under the statute, although the master should report that the mortgaged premises were so situated that they could not be sold in parcels, and that the defendant was in possession and was insolvent.

Whether in such a case the court would sustain the bill, if the complainant had no other remedy, as where the whole amount of the money secured to be paid by the mortgage was less than $100, and the defenant was in possession and insolvent, and the mortgage contained no power of sale, or there were subsequent incumbrancers? Quære.

THE bill in this cause was filed to foreclose a mortgage February 7th, given by the defendants to the complainant. conditioned to pay $600 at the expiration of two years from the date, with interest semi-annually. At the time of filing the bill, and at the hearing, there was only $42 due for one year's interest on the bond and mortgage; but the master reported that the mortgaged premises were so situated that they could not be sold in parcels, and that the defendant was in possession and was insolvent. The only question was whether the court was authorized to make any, and if any, what decree, on the bill taken as confessed, under these circumstances.

THE CHANCELLOR. Previous to the adoption of the present revised statutes it was the settled law of this court that it would not entertain jurisdiction of a cause where the matter in controversy, and for which the suit was brought, was less than £10 sterling. It was so held by Chancellor Sanford in *Mitchell* v. *Tighe*, (1 Hopk. Rep. 119,) in a case like the present, where one year's interest only was due on a mortgage for $500 ; the principal of which had not then become payable. And in *Fullerton* v. *Jackson*, (5 Johns. Ch. Rep. 276,) on a bill filed for $28 interest due on a legacy of $200, payable at a future day, Chancellor Kent dismissed the bill at the hearing ; although the executors put in an answer admitting

assets, and offering to pay the interest due as the court should direct. This bill could not therefore have been sustained, even before the revision of the statutes, without showing that the complainant had no other remedy. The present law makes it a duty of the court to dismiss every suit concerning property, where the matter in dispute exclusive of costs does not exceed the value of one hundred dollars. (2 R. S. 173, § 37.) The power of the court to order a sale of the whole premises where a part of the mortgage money only is due, is merely incidental to the right to decree a sale and a satisfaction of what has actually become due. This suit is in fact to obtain payment of the $42; and if the court has not power to make a decree as to that, the incidental right to order a sale of the whole premises, to prevent a sacrifice of property, cannot confer on this court the necessary power. Perhaps in a case where the complainant had no other remedy; as where it appeared from the bill that the whole amount of the mortgage money was less than $100; that the defendant was in possession and was insolvent, so that satisfaction could not be obtained by a suit at law, and that there was no power of sale, or that there were subsequent incumbrancers, so that the mortgage could not be foreclosed by advertising for six months, this court might consider it as an implied exception in the statute. Even in such a case, the facts to take it out of the general provision of the statute should all be stated in the bill. Here there is no allegation in the bill that the defendant was insolvent at the time it was filed; and there appears to be no subsequent incumbrances on the premises; and it also appears affirmatively that there was a power of sale in the mortgage which would have enabled the complainant to foreclose it at law. I regret that it is not in the power of the court to give to the complainant a remedy in this suit, under the circumstances detailed in the master's report; but I am satisfied it cannot be done without violating the provisions of the statute, as well as overturning the decisions of my predecessors, and the settled law of the court.

The bill must therefore be dismissed, but without prejudice to any of the complainant's rights.