## A. C. & W. A. SMETS vs. WILLIAMS.

In a suit concerning property, if it appears upon the face of the complainant's bill that the matter in dispute, exclusive of costs, does not exceed $100, the defendant may either demur, or move to dismiss the bill with costs.

Where the matter in dispute does not exceed one hundred dollars, if that fact does not appear upon the face of the bill, it may be pleaded, in bar of the suit.

The jurisdiction of the court does not depend upon the amount which may ultimately be found due to the complainant ; but upon the claim actually made by him.

Where the claim, as made by the complainant, exceeds $100, but upon the hearing it turns out that he is actually entitled to less than that amount, the court may make a decree in his favor for what is due; but in such case, he will not be entitled to costs, and he may be charged with costs, in the discretion of the court.

Upon a judgment creditor's bill, the amount of the complainant's judgment, and the amount of the defendant's property as claimed by the complainant, should each exceed $100, to constitute a matter in dispute, of which the court of chancery will take cognizance.

Where a judgment creditor's bill contains merely a general allegation as to the value of the defendant's property, and by the result of the litigation it appears that the defendant has no property which can be reached and applied towards the payment of the complainant's judgment, the bill will be dismissed with costs.

January 28.    THIS was a creditor's bill to obtain a discovery and satisfaction of a judgment in the supreme court, against the defendant, for about $700.    The complainants, by their bill, after setting out their judgment and the return of the execution thereon unsatisfied, charged generally, that they had been informed and believed that the defendant had property, things in action, or equitable interests belonging to him of the value of $100 and more.    They, therefore, prayed for an injunction and receiver ; and that the proceeds of such property, things in action, and equitable interests, might be applied to the payment of the judgment debt.

The defendant, by his answer, admitted the recovery of the judgment, and the return of the execution unsatisfied, and that the judgment was still due.    He admitted also that he

had debts due to him of the value of $25, and that he had $3 in cash. But he denied that he had any other property, things in action, or equitable interests, except his necessary wearing apparel. The cause was heard on bill and answer.

*J. Rhoades,* for the complainants.

*A. Taber,* for the defendant.

THE CHANCELLOR. The principal question between the parties in this cause is a question of costs. By the thirty-seventh section of the article of the revised statutes which relates to the general powers, duties, and jurisdiction of this court, (2 *R. S.* 173,) the court of chancery is directed to dismiss every suit concerning property, where the matter in dispute, exclusive of costs, does not exceed the value of $100, with costs to the defendant. On the part of the complainants, it is contended that the matter in dispute in the present case, with reference to this provision of the revised statutes, is the amount due on the judgment. But the defendant's counsel insists that the matter in dispute is the property, *things in* action and equitable interests of the defendant, which this court may reach, or direct to be applied in satisfaction of the judgment; and, as the value of such property and effects, as admitted by the answer, does not exceed $100, that the defendant has a right to a decree, dismissing the complainant's bill with costs.

Previous to the revised statutes, this court would not take cognizance of a suit in chancery, for relief concerning property, where the value of the matter in controversy was less than ten pounds sterling, exclusive of the costs of such suit. If it appeared upon the face of the complainant's bill that the amount in controversy was beneath the dignity of the court, the defendant might either demur or move to dismiss the bill. (*Creagh* v. *Nugent, Mosely's Rep.* 356. *Mitchell* v. *Tighe, Hopk. Rep.* 119.) And if that fact did not appear upon the bill itself, it might undoubtedly have been pleaded in bar of the relief here; as the court would dismiss the bill in any stage of the suit if it appeared that the value of the matter in controversy was too small to enable the complainant to claim

the aid of this court. (*Fullerton* v. *Jackson*, 5 *John. Ch. Rep.* 276.) The provision in the revised statutes on this subject, was only intended to increase the amount, or value of matters in controversy, of which this court should take cognizance, from ten pounds sterling, to a sum which should exceed one hundred dollars. The principles, therefore, upon which the court formerly proceeded in relation to this smaller sum must now be applied to the increased amount, in the value of the matter in dispute, which is necessary to enable the complainant to claim relief in this court.

The question then arises, what is the matter in dispute between the parties in these creditors' bills, in reference to this statutory provision, and the former practice of the court? It is evident that the existence of the judgment and the amount due thereon at the time of filing the complainants' bill, as well as the nature, extent and value of the defendant's property and effects, which the bill seeks to reach and have applied to the payment of that judgment, may become subjects of dispute and litigation in the progress of the cause. The decision of the court, however, as to the dismissal of the bill under this provision, does not depend upon what is actually disputed by the defendant; nor does it depend upon the final adjudication of the court as to what the complainant has a right to recover. But it must depend upon the nature and value of the claim which is actually made by the complainant. If the amount claimed by the bill to be due on the judgment is less than the amount prescribed in the statute, or if the value of the property or effects of the defendant, as claimed by the complainant, does not exceed $100, this court will not take jurisdiction of the case. For this reason, the rule of this court has required the complainant to state in his bill the true sum which is actually and equitably due on the judgment, as well as the fact that the defendant has property or effects to the value of more than one hundred dollars, which ought to be applied in satisfaction of such judgment; as the debt of the complainant and the property or effects of the defendant were both necessary to constitute a matter in dispute or litigation, of which the court of chancery would take cognizance. And to prevent the complainant from making a

claim, either as to the amount due on the judgment, or as to the value of the defendant's property, which he does not believe to be just, another rule has required the bill to be verified by oath. In this case, therefore, the extent of the claim of the complainants to equitable relief, and which was the matter in dispute between these parties at the commencement of the present suit, did exceed one hundred dollars ; and the defendant is not entitled to have the bill dismissed with costs, as a matter of right, under this statutory provision. It does not follow, however, that the defendant is to pay costs in a case where it turns out that his property and effects are less than $100 ; or that the complainant is to be excused from paying costs, as a matter of course, in such a case. This court has already decided that where the bill contains merely a general allegation as to the property and effects of the defendant, as in the present case, without pointing out any specific property in the hands of the debtor or his trustees as the subject of the litigation, the bill should be dismissed with costs, if, by the result of the litigation, it appears that the defendant had no property which could be reached and applied to the satisfaction of the complainant's judgment. The result as to the defendant's costs might be different, however, if specific property, things in action, or equitable interests were pointed out by the bill as belonging to the defendant, and it should appear, from the admissions in the answer or by the proofs in the cause, that the complainants had good reasons for believing such property and effects were properly applicable to the payment of his judgment.

In the circuit court of the United States, which, in a certain class of cases, has jurisdiction only when the matter in dispute, exclusive of costs, exceeds the sum of $500, it has been held that the question of jurisdiction depends upon the amount claimed by the plaintiff; and that if he makes such a claim, he may have a judgment or decree in his favor, although it turns out that the amount which he had a right to claim was less than $500, exclusive of costs. In those cases, however, the plaintiff is not allowed to recover costs against the defendant ; but, on the contrary, the plaintiff may be compelled to pay costs, in the discretion of the court. This is a

very reasonable and proper rule to be adopted by this court in similar cases, where the question of costs is discretionary. I shall therefore follow it in the case now under consideration.

There is nothing in the facts, as they appear in this bill and answer, to induce me to believe that the complainants had any rational and sufficient ground for believing that the defendant was concealing his property; or that he had the means of paying any considerable part of their judgment. This was therefore a mere fishing bill; and as they have not succeeded in catching any thing of the value of $100 and upwards, they must pay the costs to which they have subjected the defendant. They are entitled to a decree, however, for the small amount of property discovered; to be applied in part satisfaction of their judgment, unless they shall prefer to have their bill dismissed, without prejudice to their future rights. This latter course will probably be most for their interest; as the value of the effects admitted by the answer will hardly be sufficient to compensate them for the additional costs to which they will be subjected in obtaining them.