SAGE and others *vs.* QUAY and others.

An injunction upon a creditor's bill claiming more than $100, and charging equitable assets to the amount of more than $100, will not be dissolved because the defendant in his answer swears that he has not equitable assets to the amount of $100.

An injunction directed to several persons not defendants in the suit, and it appearing upon the face of the injunction that they are not defendants, is not obligatory upon such persons, except as a notice.

Such injunction, so directed, is not authorised by the fiat of allowance ; and as to such persons, when it appears upon the face of the process that they are not defendants, is, as to them, inoperative and useless.

*E. A. Hopkins,* for complainants.

*J. Crary,* for defendants.

THE VICE CHANCELLOR. This is a bill commonly called a creditor's bill. The amount due upon the judgment, is more than $100. The defendants in their answer deny that they have equitable assets to the amount of $100, and ask to have the injunction dissolved on that ground. The Chancellor, in the case of Smets vs. Williams, 4 Paige, 364, has examined the ground or foundation of the jurisdiction of this court in case of creditors' bills. In that case the claim upon the judgment exceeded $100, the amount discovered was less than $100 ; and the Chancellor refused to dismiss the bill, deciding that the defendant was not entitled to have the bill dismissed as a matter of right, under the statutory provision as to the jurisdiction of this court. The principles of that case will apply to this. The injunction cannot be dissolved. The complainant has a right to retain it, subject of course to the eventual costs

of the suit, if he fails to show that the defendants have assets beyond $100. The complainants may on the proofs show that the answer is not true. He has a right to make this effort, and in the mean time can retain the injunction.

The defendants ask, also, that if the injunction is not dissolved, that it may be modified so as to permit the father of one of the defendants to collect certain choses in action alleged to be assigned to him. The injunction in this case is directed to several persons not defendants in this suit; and it appears upon the face of the injunction that they are not defendants. This is wrong, but such injunction cannot be operative (except as a notice) against the parties not defendants. The mandatory part of the injunction is, however, correct. It restrains from selling or disposing of the choses in action belonging to or held in trust for either of the defendants. On this motion we cannot decide whether the choses in action in question, or of which a question is made by the answer, are the property of the father, or of the son, or held in trust for the son who is defendant. If they are *bona fide* the property of the father, he can dispose of them—the injunction is no restraint upon him. If they are the property of the son who is defendant, or held in trust for him, he cannot. This question can be tried upon an attachment for a breach of the injunction. It is not proper to be decided here. The injunction is in the usual form (except as to its direction), and it restrains only the transfer of the property of the defendants. If property is transferred, sold, or collected, claimed by the complainants to belong to or held in trust for the defendants, the complainants can try the truth of such claim upon an

attachment, if he chooses, and the defendants will have an opportunity to meet it. The injunction cannot be modified as the defendants ask, but must remain. Inasmuch, however, as the injunction was irregular in its direction, and was not so far authorised by the fiat of allowance, the costs of this motion must abide the event.