## Wheeler *vs.* Van Kuren & Russell.

A person holding a mortgage against the defendant's property, and also having a judgment against him subsequent in date to the mortgage, which judgment is a lien upon the mortgaged premises, may file a bill in the court of chancery to foreclose the mortgage and to obtain payment of the judgment, although the amount due upon the mortgage is less than $100, where the defendant has no other property out of which the judgment can be satisfied.

The claim of the complainant, on his judgment, in such a case, as a subsequent lien upon the premises, in connection with the averment that the judgment debtor has no other property, takes the case out of the statute requiring the court to dismiss every bill concerning property where the matter in dispute, exclusive of costs, does not exceed the value of one hundred dollars.

The question whether the judgment is a lien upon the premises, and is entitled to be paid out of the surplus proceeds of the sale, is one which is necessary to be decided in the suit for the foreclosure of the mortgage. And such a claim is proper to be made in the bill of foreclosure.

The bill in this cause was filed to foreclose a mortgage on which there was about $55 due, and also to obtain payment of a judgment of about $80, which was a lien upon the mortgaged premises. The bill alleged that the defendant in the judgment had no real or personal estate, other than the mortgaged premises, out of which the judgment, or any part of it, could be collected. The bill was taken as confessed against the mortgagor, and against the other defendant who was made a party as having some interest in the mortgaged premises, as an incumbrancer or otherwise, subsequent to the mortgage. The master reported the amount due upon the judgment, as well as upon the mortgage. And the complainant asked for a decree of foreclosure and sale, and that the amount due upon the judgment, as well as the amount of the mortgage, might be paid to him; together with the costs.

*S. H. Hammond,* for the defendant.

The Chancellor. The court of chancery is required to dismiss every bill concerning property, where the matter in dispute, exclusive of costs, does not exceed the value of one hundred dollars. (2 *R. S.* 173, § 40.) Upon the hearing of this

Wheeler v. Van Kuren.

cause, therefore, I had doubts whether I could make a decree in favor of the complainant, consistently with this statutory provision, and with the decision of this court in *Duow v. Sheldon*, (2 *Paige's Rep.* 323.) Upon examination, however, I have arrived at the conclusion that the claim of the complainant, on his judgment, as a subsequent lien upon the premises, in connection with the averment that the judgment debtor has no other property, takes the case out of the statute above referred to. The question whether the judgment is a lien upon the premises, and is entitled to be paid out of the surplus proceeds of the sale, is one which is necessary to be decided in this suit. And that claim of the complainant was proper to be made in a foreclosure bill. For a sale under the mortgage would necessarily extinguish the lien of the judgment, and leave the complainant without remedy if his claim was not made in the foreclosure suit. The complainant is, therefore, entitled to the usual decree for the foreclosure and sale of the mortgaged premises; and that the master pay the amount reported due upon the mortgage with interest and costs, out of the proceeds of the sale.

The judgment, however, cannot be paid out of the proceeds, until it is ascertained who is entitled to priority in payment out of the surplus moneys raised upon the sale, after paying the mortgage with interest and costs; except by the consent of the defendant Russell. Under the statute of 1840, as amended by the act of May, 1844, relative to the foreclosure of mortgages, (*Laws of* 1844, *p.* 531, § 5,) it is necessary to make subsequent incumbrancers by judgment or decree parties, to bar their rights. And as their liens, if any such exist, are not affected by the foreclosure to which they are not parties, it is only necessary to get the consent of Russell, who is made a party, to entitle the complainant to the payment of his judgment out of the surplus proceeds; without the necessity of a reference. The decree may therefore direct that the amount of the complainant's judgment may be paid by the master out of such surplus, upon delivering to the master Russell's written consent to that effect. But if such consent is not obtained, the master must bring the whole surplus into court, after paying the amount reported due upon

Frost *v.* Frost.

the bond and mortgage, with interest and costs ; to enable Rus-sell to contest the question with the complainant, as to the right of the latter to priority of payment out of such surplus.   In that case, the decree will reserve a right to the complainant to apply for a reference to settle that question ; or to apply for payment without the expense of a reference, upon giving notice of the application to Russell.