Vaughn *v.* Ely.

WARREN SPECIAL TERM, August, 1848.   *Parker,* Justice.

VAUGHN *vs.* R. and S. ELY.

The purchaser of lands sold on execution, acquires by his purchase no more than a *lien* upon the lands for the amount of his bid, and interest, during the fifteen months allowed for redemption.   He does not obtain the legal title; and if the premises are subject to a mortgage, he does not become the owner of the equity of redemption, until after the expiration of the fifteen months.

In suits in equity, the claim of the plaintiff which is in dispute must exceed the value of $100, to give the supreme court jurisdiction.   It is not enough that the property on which the plaintiff's claim is a lien exceeds that value; nor that a lien exceeding that amount, claimed by one of the defendants, is controverted by the plaintiff.   The property in dispute, belonging to, or claimed by the plaintiff, or the extent of the plaintiff's interest in the property in controversy, furnishes the test of jurisdiction.

Vaughn *v.* Ely.

In Equity. The bill of complaint in this cause was filed in the late court of chancery, before the vice chancellor of the fourth circuit. The defendants answered, and proofs were taken. It appeared that on the 19th of March, 1839, James McKnight purchased certain real estate in Washington county, from George Lasher, and executed to him a mortgage upon it for $1200 to secure the payment of a part of the purchase money. On the 5th of November, 1842, Stevens Carpenter recovered, before a justice of the peace, a judgment against the said James McKnight and John McKnight, for $47,12, which was docketed in the county clerk's office, and made a lien on the premises in question. The plaintiff subsequently became the owner of the judgment, and sold the premises on an execution. At the sheriff's sale, on the 17th of March, 1846, he bid them off for the amount then due thereon, $70,13, and received from the sheriff the usual certificate.

On the 7th of January, 1843, James McKnight sold to Reuben Ely two and a half acres of the mortgaged premises for $50; and on the 7th of April, 1843, he quit-claimed to him the remainder of the mortgaged premises. It was alleged by the plaintiff that the only consideration for the quit-claim was an agreement by Reuben Ely to pay the mortgage, on which there was then due about $950, and the judgment; and that there was no other lien on the mortgaged premises. That Reuben Ely then entered into possession of the premises, and with his son Solomon, continued to occupy them. That payments were subsequently made on the mortgage, by Reuben Ely, and that on the 5th of March, 1846, an assignment of the bond and mortgage was executed to Solomon Ely, who proceeded to foreclose by advertisement, under the statute.

The plaintiff claimed that he was the owner of the equity of redemption under the sheriff's sale; that the purchase of the bond and mortgage was made with the money of Reuben Ely, and for his benefit, and in the name of Solomon Ely, for the avowed purpose of defeating the collection of the plaintiff's judgment. That most, if not all, of the sum secured by the mortgage had been satisfied by payments made by Reuben Ely, and

Vaughn *v.* Ely.

by the rents and profits of the place received by him; and that
the sum claimed in the advertisement of sale was much more
than was due. These facts, with those stated in the opinion
of the court, are all that are necessary to understand the ques-
tion decided.

*E. H. Rosekrans*, for the plaintiff.

*J. W. Thompson*, for the defendant.

PARKER, J. The first, and one of the most important ques-
tions presented in this case, is whether the amount in contro-
versy is sufficient to give this court jurisdiction. It is provided
by the revised statutes, (2 *R. S.* 3d. *ed.* 234, § 61,) that " the
court of chancery shall dismiss every suit concerning property,
where the matter in dispute, exclusive of costs, does not exceed
the value of one hundred dollars, with costs to the defendant."
This cause having been commenced in the late court of chan-
cery, must of course be subject to this rule. The plaintiff's
right to appear in this court and controvert the mortgage claim-
ed by Solomon Ely as assignee, rests solely on the fact that on
the 17th of March, 1846, being the owner of a judgment against
James McKnight and John McKnight, which was a lien on the
mortgaged premises, he bid off those premises at the sheriff's
sale, under an execution issued upon that judgment, for $70,13,
and took the usual sheriff's certificate as evidence of such pur-
chase. The bill of complaint was filed during the summer of
1846, several months before the plaintiff could have been enti-
titled to a deed from the sheriff. At the time of the filing of
the bill, therefore, it could not be known whether the premises
would be redeemed by the defendant in the execution, or his
grantee, within the year after the sale; or whether the title
would be acquired within three months thereafter by some other
judgment creditor.

The plaintiff claims that by the purchase at the sheriff's sale
he became the owner of the equity of redemption. In support
of that position, he relies principally on the case *in re Scrug-*

VOL. IV.                    21

*ham,* (*Hopk. Rep.* 95.) If that case can be understood as deciding that the purchaser acquires any thing more than a *lien,* before the expiration of the fifteen months allowed for redemption, it is more than counterbalanced by a weight of authorities the other way. (*See Bissell* v. *Payn,* 20 *John.* 3; *Van Rensselaer* v. *Sheriff of Onondaga,* 1 *Cowen,* 443; *Same* v. *Sheriff of Albany, Id.* 501; *Ex parte Peru Iron Co.* 7 *Cowen,* 540; *Evertson* v. *Sawyer,* 2 *Wend.* 507.)

The case in Hopkins, like the others above cited, was decided under the act of April 12, 1830, which did not declare when the title should vest in. the purchaser. Yet under that act it was well settled, by the cases above cited, that no title was acquired until the execution of the sheriff's deed; until which time the purchaser held only a *lien* on the premises sold. Under the revised statutes, this question is no longer left to inference. It is provided (2 *R. S. 3d. ed.* 470, § 63,) that "the right and title of the person against whom the execution was issued, to any real estate which shall be sold thereby, shall not be divested by such sale, until the expiration of fifteen months from the time of such sale." And by a subsequent clause of the same section it is declared that if such real estate shall not have been redeemed as therein provided, and a deed shall be executed in pursuance of a sale, the grantee in such deed shall be deemed vested with the legal estate from the time of the sale on such execution, only for the purpose of maintaining an action for any injury to such real estate. I think it is clear, therefore, that at the time of filing the bill of complaint in this cause the plaintiff had only a lien on the premises in question for $70,13, and interest from the date of his purchase. It remains to be seen whether there are other facts in this case that bring it within the requirement of the statute, as to jurisdiction.

Solomon Ely, in his notice published for the purpose of foreclosure under the statute, claimed that there was due on the mortgage, on the 13th of July, 1846, $1175,37. The plaintiff controverts the amount thus claimed, and urges that part, if not all, of the mortgage money had been satisfied by the payment, or that the debt was liable to be extinguished by an equitable

Vaughn v. Ely.

application of the rents and profits. The value of the land also is shown to be about the amount due upon the mortgage. Under these circumstances can it be said that " the matter in dispute, exclusive of costs, exceeds the value of one hundred dollars ?" There have been several decisions in the late court of chancery bearing upon this point. In *Douw* v. *Shelden*, (2 *Paige*, 323,) a bill was filed to foreclose a mortgage given to secure the payment of $600 at the expiration of two years from the date, with interest semi-annually, upon which, at the time of filing the bill, there was only $42 due for one year's interest; and the bill was dismissed for want of jurisdiction. The chancellor there said : " This suit is in fact to obtain payment of the $42; and if the court has not power to make a decree as to that, the incidental right to order a sale of the whole premises, to prevent a sacrifice of property, cannot confer on this court the necessary power." The decision in *Douw* v. *Shelden* was in confirmation of a principle previously recognized in *Fullerton* v. *Jackson*, (5 *John. Ch. Rep.* 276, and in *Mitchell* v. *Tylee*, (1 *Hopk.* 119. In *Smith* v. *Williams*, (4 *Paige*, 364,) which was a creditor's suit, it was held that the amount due upon the complainant's judgment and the amount of the defendant's property as claimed by the complainant, should reach exceed $100, to constitute a matter in dispute of which the court of chancery will take cognizance. The court said, "the debt of the complainant and the property or effects of the defendant are both necessary to constitute a matter in dispute or litigation." The other decisions upon this point recognize the same construction of the statute. (*Spear* v. *Green*, 9 *Paige*, 362. *Winsor* v. *Orcutt*, 11 *Id.* 578. *Wheeler* v. *Van Kuren*, 1 *Barb. Ch. Rep.* 490.) In the case last cited, a bill was filed to foreclose a mortgage on which there was $55 due, and also to obtain payment of a judgment for $80, which was a subsequent lien on the mortgaged premises. It was averred in the bill, that the judgment debtor had no other property except the mortgaged premises, out of which the judgment could be satisfied. The chancellor held that he had jurisdiction of the cause, on the ground that the question whether the judgment was a

lien on the premises, and was entitled to be paid out of the surplus proceeds of the sale, was one which was necessarily to be decided in the suit for the foreclosure of the mortgage.

By these cases it is well established that the plaintiff's claim in dispute must exceed the value of $100, to give the court jurisdiction. It is not enough that the property on which the plaintiff's claim is a lien exceeds that value; nor that a lien exceeding that amount, claimed by one of the defendants, is controverted by the plaintiff. The property in dispute, belonging to, or claimed by the plaintiff, or the extent of the plaintiff's interest in the property in controversy, furnishes the test of jurisdiction. The application of this well settled rule, therefore, to the facts of this case, shows plainly that the amount of the plaintiff's lien is the extent of value of the property in dispute, and that this court has no jurisdiction of the controversy.

The defendant sets up the objection in his answer, and claims the same benefit of it as if he had presented it by demurrer; and the objection being well taken, I have no discretion as to the course to be pursued, but must dismiss the bill with costs.

---

ST. LAWRENCE GENERAL TERM, September, 1848.  *Cady, Paige, Willard, and Hand,* Justices.