## SUPREME COURT.

### SHEPARD agt. WALKER AND LEARNED.

In an action in the nature of a former creditor's bill, where the amount of the judgment which the plaintiff seeks to recover, or the matter in dispute is less than $100, the court have no jurisdiction; the complaint must be dismissed.

Neither the constitution or the Code have changed the law in this respect.

*Onondaga Special Term, June* 1852. In April 1852, the plaintiff recovered a judgment in this court against the defendant Walker, for $67·51. Execution was duly issued; it was returned unsatisfied, and the present action is in the nature of a creditor's bill to reach the interest of the debtor in certain real estate which it is alleged the debtor caused to be transferred to the defendant Learned in fraud of his creditors. It is alleged that Walker held a contract for the purchase of the land; that his interest in the land was worth $400; that he transferred the contract to defendant Learned, who has taken a conveyance of the land.

The defendant Learned now moves to dismiss the complaint as to him, upon the ground that the matter in dispute, exclusive of costs, does not exceed the value of one hundred dollars.

HILLIS & MORGAN, for defendant Learned, cited 2 *R. S.* 173, § 37, and *Judiciary act*, 1847, § 16.

C. L. ANDREWS, for plaintiff, cited 5 *J. Ch. R.* 276; 2 *R. S.* 173, § 37; *Constitution*, art. 6, § 3 and 5; *Code*, § 69.

MARVIN, Justice.—The plaintiff's counsel insists that "the matter in dispute" is the interest of the defendant Walker in the real estate conveyed to the defendant Learned. By section 37 (2 *R. S.* 173), it is declared that the Court of Chancery shall dismiss every suit concerning property when the matter in dispute, exclusive of costs, does not exceed in value one hundred dollars. In Douw vs. Sheldon (2 *Paige*, 323), the mortgage was given to secure the payment of $600; only $42 was due, and the chancellor dismissed the bill. In Swets vs. Williams (4 *Paige*, 364), the bill was by a creditor to collect a judgment. It was held that the *amount of the complainant's judgment*; and the amount of the defendant's property, as claimed by the complaint, should each exceed $100 to constitute a matter in dispute of which the court would take cognizance (see also Spear vs. Given, 9 *Paige*, 362).

It is clear that the late Court of Chancery would have dismissed this complaint. The amount claimed to be due upon the judgment is less than $100. It is insisted that the provision of the Revised Statutes referred to has been abrogated by the Constitution and the Code; that the Court of Chancery is abolished, and that this provision of the Revised Statutes is not applicable to the Supreme Court established under the present constitution, a court " having general jurisdiction in law and equity." The constitution did not affect the provision of the Revised Statutes, touching the question under consideration. The constitution simply declares that there shall be a Supreme Court, having general jurisdiction in law and equity (*art.* 6, § 3). And that the legislature shall have the same powers to alter and regulate the jurisdiction and proceedings in law and equity as they have heretofore possessed (*art.* 6, § 5). Has the legislature changed the law under consideration? By the judiciary act (*Sess. Laws* 1847, 327, § 14), it is declared that the Supreme Court shall possess the same powers, and exercise the same jurisdiction as is

now possessed and exercised by the present Supreme Court and Court of Chancery." " And all laws relating to the present Supreme Court and Court of Chancery, &c. and the jurisdiction, powers and duties of said courts, &c. shall be applicable to the Supreme Court organized by this act, &c. so far as the same can be so applied, and are consistent with the constitution and the provisions of this act." There is nothing in the constitution or judiciary act inconsistent with the provision of the Revised Statutes referred to.

The Supreme Court, under the judiciary act, had the same jurisdiction as the Court of Chancery formerly had; and the provisions of the Revised Statutes touching the powers and jurisdiction of the late Court of Chancery were applied to the Supreme Court. In my opinion the Code has not changed the law in the particular we are now considering. The Code has not attempted to abolish the distinction between law and equity; it has abolished the distinction between actions at law and suits in equity, and the forms of such actions. It has attempted to establish a uniform system of pleading and practice, whether the action is one in its nature requiring equitable relief, or one entitling the plaintiff to such judgment as was given in a court of law. We are to examine the case as stated in the complaint in connection with the judgment demanded and are to determine the nature and character of the action. If it is an action in which the rights of the parties, depend upon those principles of equity which have been long settled and acted upon in courts of equity, these principles are still applicable to the case, and the rights of the parties are determined by them. On the other hand, if the facts stated present a case in which the rights of the parties are governed by those principles of law formerly acted upon in courts of law, those principles are still applied and they determine the rights of the parties.

The great body of law, touching men's rights, remain unchanged, and this body of law, as a whole is consistent.

The commissioners in the first report, page 74, say: " It is no part of our purpose to present the principle of an union of law and equity jurisdiction, upon a broader basis than that which has reference to *their forms of proceeding.*" They also say,

" it is only necessary that we should take care not to encroach upon substantial rights." "Keeping in view the distinction between rights on the one hand, and the means of their ascertainment and enforcement on the other, the only question is whether a *mode of proceeding*, common to all civil controversies, whether known as legal or equitable can be safely and conveniently prescribed " (see the cases collected in note to § 69, *Voorhies' Code*).

In the present case the object of the action is to collect a judgment from property, the apparent title to which is not in the debtor; but the plaintiff states facts which would entitle him to the aid of the court in reaching and applying the property, but for the fact that his judgment is less than one hundred dollars. In such a case the general law declares that the *suit* (now action) shall be dismissed. The plaintiff shall not have this particular remedy in a case where the matter in dispute does not exceed in value one hundred dollars. Other remedies remain open to him, but from this remedy he is barred. Neither the Constitution or the Code has, in my opinion, changed the law in that respect.

The motion must be granted, with $10 costs.