GAMBER vs. HOLBEN.

*New trial directed.*

———— •◦• ————

## John Gamber, Administrator, &c. vs. Solomon Holben and Others.

Where, in a suit in Chancery respecting property (not being a suit between copartners, or for the foreclosure of a mortgage), the bill of complaint shows on its face that the amount in controversy is less than one hundred dollars, the Court must dismiss the suit, whether the objection of want of jurisdiction be taken by the defendant or not.

*Submitted June 3d. Decided July 12th.*

Appeal from Lenawee Circuit in Chancery.

The original complainant, Henry Gamber, by his bill filed December 23d, 1853, claimed that a certain note, given for $81.26, November 21st, 1850, by John Gamber and himself to Michael Singer, administrator, appointed in the State of Ohio, on the estate of William Singer, and upon which note judgment was recovered June 14th 1853, for $93.00 damages and $8.16 costs, in the Lenawee Circuit Court, in favor of Michael Singer in his individual character, was, in fact, at the

time of the recovery of such judgment, the property of the estate of William Singer, and that Michael Singer, who had been removed from his trust as administrator before suit was brought on the note, was fraudulently attempting to collect and appropriate the same, through Holben as his agent. And complainant being one of the sureties of Singer as such administrator, prayed · that the amount so recovered might be adjudged assets of the estate, and Holben enjoined from collecting it. Michael Singer and the officer holding execution upon the judgment were joined as defendants with Holben.

Holben answered to the merits, claiming that the suit upon the note was brought by himself, for his own benefit, after a *bona fide* purchase of it from Michael Singer. The bill was taken as confessed by the other defendants. Henry Gamber having died pending the suit, the cause was revived in the name of the present complainant, his administrator.

On the hearing, on pleadings and proofs, the Circuit Court dismissed the bill with costs; and complainants appealed.

*P. Morey*, for complainants:

1. It is too late to take the objection of want of jurisdiction at the hearing.— *Leroy vs. Platt*, 4 *Paige*, 77; *Grandin vs. LeRoy*, 2 *Paige*, 509; *Smets vs. Williams*, 4 *Paige*, 364.

2. The claim made by the bill determines the question of jurisdiction, and not the amount which may be recovered.— *Wilson vs. Cheshire*, 1 *McC. Ch.* 242; *Farley vs. Farley*, *Ibid.* 513; *Livingston vs. Livingston*, 4 *Johns. Ch.* 290.

*F. C. Beaman* and *T. M. Cooley*, for defendant Holben:

The damages are all of the judgment the estate of Singer has an interest in. The costs are, in any event, payable by complainant, and to Holben.

But if this were otherwise, complainant could not, by permitting judgment to pass against him in the court of law,

where the equity now alleged would have been a defense, confer upon the Court of Chancery jurisdiction of a case originally beneath its dignity, by adding to the claim the costs which have accrued through his mismanagement and neglect.— *Anonymous, Mosely*, 47; *Moore vs. Lyttle*, 4 *Johns. Ch.* 183.

This defect of jurisdiction can not be cured by consent, or by waiver; but is fatal at any stage of the case.— *Story Eq. Pl.* § 10; 1 *Barb. Ch. Pr.* 39; 1 *Daniell Ch. Pr.* 379; *Brace vs. Taylor*, 2 *Atk.* 253.

CHRISTIANCY J.:

The first question in this case is the question of jurisdiction; and this depends upon the fact whether the costs in the cause in which the judgment was obtained are a part of the amount in dispute in this cause. Independent of the costs, the judgment amounted, at the time of filing the bill, to ninety-six dollars and forty-one cents, but, including the costs, to the sum of one hundred and four dollars and fifty-seven cents.

The judgment was obtained against the complainant personally, on a note made by him in his individual capacity, but which note the bill charges belonged to the estate of William Singer, of which Henry Gamber, the original complainant, became administrator *de bonis non* after the maturity of the note. The bill claims that the note was the property of the estate; prays that the judgment may be declared and decreed to be the property of the estate, and assets in his (complainant's) hands, and that the defendants be enjoined from collecting it. The bill does not pray that the costs should be decreed to belong to the estate; and though there is an allegation in the bill that the judgment and costs belonged to the estate, it does not show how the estate became, or could be, interested in the costs; and the whole statement of the case in the bill, clearly negatives all interest of the estate in such costs. The complainant was bound to pay these costs, whatever became of the judgment.

The costs, then, are no part of the sum in dispute in this cause, as shown by the bill itself; and the judgment without the costs, being less than one hundred dollars, the Court, by the express provisions of the statute (*Comp. L.* § 3477) was required to dismiss the bill. The bill was dismissed in the Court below; upon what ground does not appear from the record.

But the appellant insists that, as this objection was not taken by the pleadings, and defendant having answered, taken proofs, and gone to a hearing on pleadings and proofs, it was too late at the hearing to take the objection, and that this Court can not notice it. To this he cites *Leroy vs. Platt*, 4 *Paige*, 77; *Grandin vs. Leroy*, 2 *Paige*, 509; and *Smets vs. Williams*, 4 *Paige*, 364.

These cases simply decide, that " after a defendant has answered a bill in chancery, and submitted himself to the jurisdiction of the Court without objection, it is too late to insist that the complainant *has a perfect remedy at law*, unless the Court of Chancery is wholly incompetent" to grant the relief sought by the bill." But the want of jurisdiction in chancery, in cases where there is a perfect remedy at law, is not absolute and fixed by statute. By the practice of that Court, it is true, it will generally decline jurisdiction where such remedy at law exists, yet it is well settled that when discovery is sought, and the Court take jurisdiction on the ground of such discovery, they will often retain it for the purposes of relief, though, the discovery being obtained, there is a complete remedy at law. No express statute forbids the exercise of jurisdiction where there is a remedy at law; and therefore the cases cited are not applicable to the present question.

In the case before us, the statute is imperative upon the Court: neither party can waive the objection, nor give jurisdiction by any step which may be taken in the cause. The Court are bound to dismiss the bill on this ground, where the objection clearly appears on the face of the bill, though

GAMBER vs. HOLBEN.

the defendant makes no objection; and this, too, within the meaning of the qualifying clauses of the authorities, cited by complainant's counsel; for, certainly, "the Court of Chancery" must be "wholly incompetent to grant the relief sought by the bill" when the statute requires the bill itself to be dismissed.

If the fact that the amount is below one hundred dollars does not appear on the face of the bill, the question may be raised by plea (4 *Paige*, 364), and possibly by answer. Until it is made affirmatively to appear, the bill can not be dismissed on that ground. The jurisdiction, it is true, does not depend upon the amount which may be ultimately found due, but upon the claim made by the bill. But here the claim made on the face of the bill, is less than the required amount; for though the bill in one part verbally claims more, it, at the same time, shows the claim for the excess to be without foundation; which is the same, in effect, as if it had not been claimed at all.

Here the objection goes directly to the jurisdiction of the Court, and any decree founded upon the case made by the bill would be void for want of jurisdiction. — 1 *Story Eq. Pl.* §10; 1 *Barb. Ch. Pr.* 39; 1 *Daniell Ch. Pr.* 379. It is therefore unnecessary, and even improper, to notice the questions arising upon the evidence.

The decree of the Court below, dismissing the bill, must, on this ground, be affirmed, with costs to the defendants.

The other Justices concurred.