## The Bay City Bridge Company v. George H. Van Etten and others.

*Equity jurisprudence: Suit to recover moneys wrongfully appropriated: Corporations: Officers.* A bill by a corporation against its former officers to recover moneys they are alleged to have wrongfully and fraudulently voted to themselves for services performed as such officers, and a further sum they are alleged to have wrongfully made by the use of the company's moneys, cannot be said to save a multiplicity of suits; it might, if sustained, enable complainant to unite in one suit several distinct causes of action against different parties, but uniting them would be as likely to create confusion as to save difficulty. And if the defendants combined in a fraud, they can be sued jointly at law as well as in equity.

*Corporations: Officers: Accounting: Appropriation of corporate funds: Remedy at law.* Though officers of a corporation undoubtedly act in a fiduciary capacity, and may be called to account in equity as trustees, yet when they have ceased to be officers, and the only complaint made against them is of an appropriation of the corporate funds to their own use, and no discovery is sought, the reasons for seeking the aid of equity which commonly exist in cases of breach of trust, are wholly wanting; the courts of law are perfectly adequate to give effectual relief, and they are the most suitable tribunals for the purpose.

*Accounting.* A suit to recover moneys alleged to have been wrongfully taken, cannot be strictly called a suit for an accounting, any more than can any action for money had and received.

*Equity jurisprudence: Remedy at law: Questions for jury.* The remedy at law being ample, and the questions presented eminently proper for a jury to pass upon, no good reason is perceived for the retention of jurisdiction by the court of equity.

*Demurrer: Amount: Remedy at law.* While the failure to show an amount in controversy sufficient to give the court jurisdiction might not render the bill demurrable, yet it might be sufficient reason for the court declining to entertain the case when the remedy at law is entirely adequate.

*Heard April 6.     Decided April 10.*

Appeal in Chancery from Bay Circuit.

*Holmes, Collins & Stoddard,* for complainant.

*McDonell & Mann* and *Wisner & Draper,* for defendants.

COOLEY, CH. J:

The bill of complaint in this cause is filed by the bridge company against three persons who for a series of years were directors of the company, and who also filled the

offices of president, secretary, superintendent and treasurer, to recover from them moneys which it is alleged they wrongfully and fraudulently voted to themselves for services performed as such officers, amounting in all to six thousand four hundred and fifty dollars, and also a further sum, not stated or estimated, which it is alleged they wrongfully made by the use of the company's moneys. The charges of fraud are very general, the principal allegation being that they knowingly voted to themselves severally more than their services were worth. There is no allegation that the votes were secret, or that they were kept from the records. The bill avers that the defendants for several years at stockholders' meetings, with intent to cheat and defraud, caused themselves to be elected directors; but this is obviously an allegation of no force or value, and no notice was taken of it on the argument. It may, perhaps, however, have some significance in leading us to a right estimation of other charges of fraud equally general in their terms.

The defendants demurred to the bill, and the court below dismissed it. The complainant seeks to maintain it on two grounds.

1. As a bill to bring trustees to an account for the misappropriation of moneys belonging to the trust;

2. On the ground that it saves a multiplicity of suits.

The second ground requires little attention. If the bill is sustained, it may enable the complainant to unite in one suit three causes of action against the defendants severally; but that is all. The issues in the case of each might well be different, and probably would be, and uniting them would be as likely to create confusion as to save difficulty. There is certainly no multiplicity of suits to be saved, and probably, so far as we may judge from the bill, no issue to be avoided. Moreover, if the defendants combined in a fraud, they can be sued jointly at law as well as in equity.

The first ground is more plausible. Officers of a corporation undoubtedly act in a fiduciary capacity, and may be called to account in equity as trustees.—*Story Eq. Juris.*, §§ *321, 322; Perry on Trusts*, §' *207*. But when they

have ceased to be officers, and the only complaint made against them is of an appropriation of the corporate funds to their own use, and no discovery is sought, the reasons for seeking the aid of equity which commonly exist in cases of breach of trust are wholly wanting. The courts of law are perfectly adequate to give effectual relief, and they are the most suitable tribunals for the purpose.

In a certain sense, the suit to recover moneys alleged to have been wrongfully taken may be called a suit for an accounting, but only as any action for money had and received is such a suit. The moneys drawn for salaries were *prima facie* lawfully voted, and the questions that could be made concerning them would be such as it would be eminently proper a jury should pass upon. They would be, so far as we can judge from this bill, questions of fraud, of the value of services, and perhaps of acquiescence on the part of stockholders. There is, therefore, no good reason for the retention of jurisdiction by the court of equity, so far as the alleged excessive salaries are concerned. As to the profits said to have been made by the officers from the use of the company's moneys, we have also general allegations only, and the bill does not aver that the amount is sufficient to give the court jurisdiction on that ground alone. While the failure to show an amount in controversy sufficient to give the court jurisdiction might not render the bill demurrable *(Gamber v. Holben, 5 Mich., 331)*, yet it might be sufficient reason for the court declining to entertain the case when the remedy at law is entirely adequate. And as in respect to these alleged profits, no more than as to the salaries, is any relief sought except a recovery of moneys, on grounds which a court of law is quite as competent to investigate as a court of equity, we are of opinion that the bill was properly dismissed.

The decree appealed from will be affirmed, with costs.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.