Allen v. Demarest.

(*a*) See *Taylor* v. *Wilson, Coxe 362; Fleet* v. *McIntyre, Coxe 161; Woodmansie* v. *Logan, Pen. 93; Burr* v. *Sharp, Pen. 332.*—REP.

DAVID ALLEN

*v.*

THOMAS W. DEMAREST.

1. Lord Bacon's ordinance, declaring that all suits under the value of £10 shall be dismissed, is in force in this state.

2. In order to justify a dismissal on the ground that the matter in dispute is beneath the jurisdiction of the court, the matter in dispute must be less than $50.

3. A defendant may avail himself of the objection that the matter in dispute is too trivial to justify the court in entertaining the suit, either by demurrer or by motion on notice.

On motion to dismiss, heard on bill and notice.

*Mr. Charles H. Voorhis,* for motion.

*Mr. Charles L. Corbin, contra.*

Allen v. Demarest.

Van Fleet, V. C.

This is a motion to dismiss the complainant's bill on the ground that the matter in dispute is beneath the jurisdiction of the court.    The bill is filed to enforce a right to an equitable set-off.   The complainant, in January, 1882, demised certain lands to the defendant, by lease under seal.   The complainant neglected to perform one of the covenants of his lease requiring him to make certain repairs.   The defendant brought suit against him for such default, and in September, 1884, recovered a judgment in the circuit court of Bergen county for $70.   The defendant, at the time he recovered his judgment, was in arrear with his rent over $175, and is still, and the object of the complainant's bill is to procure a decree satisfying the judgment, by setting off so much of the rent due from the defendant as will be sufficient for that purpose.

The claims, it will be observed, had a common origin.   They both grew out of the lease, and there would, therefore, seem to be a strong natural equity that the larger should pay the lesser. It would be contrary to the lowest notions of justice to permit the defendant, to whom there is but $70 due, to enforce the payment of that sum by legal process against a person who is his creditor for more than twice that sum, and whose debt arose out of the same transaction as that from which the debt of the defendant sprang.   However, that is aside from the question now before the court.   The question the court is called upon to

Note.—Several cases applying the doctrine of *infra dignitatem* are found in *2 Chitty's Eq. Dig.* " *Jurisdic. of Chancery,*" XI. (*1st Am. ed.*) *1213 ; 1 Dan. Ch. Pr.* (*5th ed.*) \**328 ; 1 Story's Eq. Pl.* § *500 ;* see, also, *Chaine* v. *Dungannon, 6 Irish Jur. 174; Westbrooke* v. *Browett, 17 Grant's Ch 339.*

The same rule has been generally followed in this country, or statutes limiting the amount have been enacted. *Williams* v. *Berry, 3 Stew. & Port. 284; Wood* v. *Wood, 3 Ala. 756; Hall* v. *Canute, 22 Ala. 650; Cowan* v. *Jones, 27 Ala. 317; Wheat* v. *Griffin, 4 Day 419; York* v. *Kile, 67 Ill. 233; Reynolds* v. *Howard, 3 Md. Ch. 331; Cummings* v. *Barrett, 10 Cush. 185, 190; Smith* v. *Williams, 116 Mass. 510, 512; Gamber* v. *Holben, 5 Mich. 331; Bay City Bridge Co.* v. *Van Etten, 26 Mich. 210 ; Dewey* v. *Dwyer, 39 Mich. 509 ; Marsh* v. *Benson, 11 Abb. Pr. 241, and note; Braman* v. *Johnson, 26 How. Pr. 27; Mallory* v. *Norton, 21 Barb. 424; Marsh* v. *Benson, 34 N. Y. 358; Chunn* v.

Allen v. Demarest.

decide on this motion is whether the subject matter of the suit is too trivial to justify the court in taking jurisdiction of it.

The rule is perfectly well settled that a suit in equity involving a pecuniary value of less than $50, and not founded on fraud, or brought to establish a right of a permanent nature, must be dismissed. The rule is founded in reason and policy. It was designed to prevent expensive and mischievous litigation about trifling matters, which, in consequence of the insignificance of the amount involved, would do the parties themselves more harm than good, and might occasion injurious delay to other suitors. An attempt to redress by a suit in equity a wrong which has resulted in a loss of less than $50, will, as a general rule, result in an aggravation of the wrong rather than in remedying it. Courts of equity sit to administer justice in matters of substantial interest, not to gratify the passions of the litigants, nor to foster a spirit of vexatious litigation. *Swedesborough Church* v. *Shivers*, *1 C. E. Gr. 453* ; *Moore* v. *Lyttle*, *4 Johns. Ch. 183* ; *Story's Eq. Pl. § 500.*

By the last clause of the fifteenth paragraph of Lord Bacon's ordinances, it is declared that all suits under the value of £10 are regularly to be dismissed. *Beames's Orders in Chan. 10.* Chancellor Kent and Chancellor Green both say that this rule has the imposing character of an original constitutional ordinance. *Moore* v. *Lyttle* and *Swedesborough Church* v. *Shivers, supra.* It constitutes part of the law marking and defining the

*McCarson, 2 Dev. Eq. 73 ; Carr* v. *Iglehart, 3 Ohio St. 457 ; Rentfroe* v. *Dickinson, 1 Overt. 196 ; McNew* v. *Toby, 6 Humph. 27 ; Williams* v. *Willhite, 2 Head 344 ; Malone* v. *Dean, 9 Lea 336.*

In some states the rule has never been applied. *North* v. *Ashcroft, 25 Ga. 132 ;* and see *Seaton* v. *Grant, L. R. (2 Ch. App.) 459 ; Rockdale Canal Co.* v. *King, 2 Sim. (N. S.) 78 ; Frazier* v. *Browning, 11 Lea 253 ; Worsham* v. *Callison, 49 Mo. 206, 209.*

It will not control in case of fraud. *Hamilton* v. *Johnson, Vern. & S. 394 ; Barnett* v. *Woods, 2 Jones Eq. 198 ; S. C., 5 Jones Eq. 428 ; Yantis* v. *Burdett, 3 Mo. 457 ;* see *Vredenberg* v. *Johnson, Hopk. 112.*

The amount set forth in the bill governs the question of jurisdiction. *Spurlock* v. *Fulks, 1 Swan 289 ; Birmingham* v. *Tapscott, 4 Heisk. 382 ; Fink* v. *Denny, 75 Va. 663 ; 1 Dan. Ch. Pr. 328 ;* and the court may entertain the suit, even

boundaries of the jurisdiction of the court, and as such must be obeyed.

It is undoubtedly true that the purchasing power of $50 is much less now than it was at the time of the adoption of this ordinance, or even thirty years ago, and it may also be true, that to allow a suit in equity to be maintained now, where the pecuniary value of the matter in dispute is less than $100, will let in all the mischiefs which the ordinance was originally designed to prevent. But the courts are not charged with the duty of making laws. It is their duty to administer and enforce them, not to ordain and establish them. And even in cases where they have power, by rule or ordinance, to regulate and control the course of practice before them, they should not exercise such power, in my judgment, so as to give their action a retrospective effect. A suitor who has, by the rules of court, a right of suit when he commences his action, should not be deprived of such right by a rule or law made subsequent to the institution of his suit. Retrospective laws which destroy private rights are always unjust.

This rule has been rigidly adhered to : where the amount in dispute was under $50, the suit has been dismissed regardless of its merits. *Fullerton* v. *Jackson, 5 Johns. Ch. 276 ; Mitchell* v. *Tighe, Hopk. 119 ; Douw* v. *Shelden, 2 Paige 323.* And where it was just $50, the bill has been retained. In *Vredenberg* v. *Johnson, Hopk. 112,* a bill was filed to restrain the enforcement of a judgment for $50, recovered before a justice of the peace.

---

when below the amount, if the defendant does not object. *Beckett* v. *Billrough, 8 Hare 188.*

In *Wells* v. *Elsam, 40 Mich. 218,* it was held that a bill in equity to obtain an offset of a judgment would not lie unless it showed that the amount involved, after satisfying any proper claim of the attorneys, exceeded $100—the amount fixed by statute.

In *Putnam* v. *Bentley, 8 Baxt. 84,* a statute of Tennessee restricted the jurisdiction of chancery to suits of $50 and upwards, and another statute gave to that court exclusive jurisdiction to aid a judgment creditor to subject the property of his debtor, which could not be reached by execution, to the satisfaction of his judgment.—*Held*, that chancery would exercise jurisdiction to aid a creditor whose judgment was less than $50; see *Lore* v. *Getsinger, 3 Hal. Ch. 191, 639.*—REP.

It was alleged that it had been obtained by fraud.   The amount, it will be observed, was just sufficient, according to the rule, to entitle the complainant to have his bill held.   Chancellor Sand-ford, in denying a motion to dismiss, said that he felt sensibly the weight of the argument, that if such small suits were entertained the injured party, in seeking a remedy for his wrong, would lose more than if he allowed his wrong to go unredressed, but as the rule of the English court of chancery constituted part of the law of his court, and had never been changed by legislation or other-wise, he thought he was obliged to respect and enforce it.   It is quite evident that the chancellor retained the bill in that case, not because he thought it best or wise to do so, but because the law made it his duty to do so.   A change was subsequently made in the rule in New York by legislation.   A statute was passed, directing the dismissal of all suits in equity where the matter in dispute, exclusive of costs, did not exceed the value of $100. *Smets* v. *Williams, 4 Paige 364.*

The rule in this state has never been changed by legislation or otherwise.   The eighty-eighth section of the chancery act (*Rev. p. 120*), which authorizes a judgment creditor having a judgment on which there remains due a sum exceeding $100, exclusive of costs, and who has exhausted the means which the law furnishes to compel the payment of his judgment, to file a bill in chancery to compel his debtor to make discovery of his property and things in action, was not intended to prescribe a new rule on this subject.   The design of the statute, of which this section is a part, was to increase the efficacy of the creditor's remedy in equity.   Prior to the enactment of this statute a judg-ment creditor could not seize the choses in action of his debtor nor acquire a lien thereon.   This statute was passed to enable him to reach and seize that species of property.   *Whitney* v. *Robbins, 2 C. E. Gr. 360 ; Green* v. *Tantum, 4 C. E. Gr. 105.* This statute does not attempt to change or define the general juris-diction of the court; that is left unaltered and in its original vigor.   All that the statute does is to make an old remedy more efficacious, and declare who shall be entitled to the benefit of it.

The practice pursued in this case is in accordance with

precedent. The application is made on notice. A defendant may avail himself of the insignificance of the suit either by demurrer or by motion made on notice, or the court may of its own motion dismiss the bill. *Swedesborough Church* v. *Shivers, supra.*

The defendant's motion must be denied, with costs.