LAWRENCE v. KIRBY.

1. HIGHWAYS—ABANDONMENT—ADVERSE POSSESSION.
    On a bill to restrain a trespass by a highway officer, evidence
    examined, and *held*, to show that the claimed highway had
    been abandoned, and that complainant had title thereto by
    adverse possession.

2. EQUITY— JURISDICTION — INJUNCTION — TRESPASS BY HIGHWAY
    OFFICERS—TITLE TO LAND.
    Equity has jurisdiction to restrain highway officers from tres-
    passing upon the land of a private person under the claim
    that it is a public highway and to try and quiet his title.

3. APPEAL   AND   ERROR — CHANCERY   APPEAL — OBJECTION   NOT
    MADE BELOW.
    After a chancery case has been heard on its merits without ob-
    jection to the jurisdiction in chancery, the court ·will not
    dismiss the bill on appeal on the ground that the proceeding
    should have been at law.

Appeal from Cass; Carr, J. Submitted May 2, 1906.
(Docket No. 162.)   Decided July 24, 1906.

Bill by Austin E. Lawrence against George B. Kirby,
highway commissioner, to enjoin a trespass, and to quiet
title.   From a decree for complainant, defendant appeals.
Affirmed.

*Arthur L. Moulton*, for complainant.

*James H. Kinnane*, for defendant.

HOOKER, J.   The accompanying plat will serve to ex-
plain the situation of the parties at the time the contro-
versy now before us arose.   Prior to 1882 a road extended
east, between sections 1 and 12, to within 80 rods of the
east section line, and from thence north to the county line.
In 1882 that portion of the road running north and south
was discontinued; proceedings to that end being taken

a—a    *County Line Road.*

b—b    *Nicholsville Road.*

c—c    *North and South Road—Discontinued.*

D      *Land of Complainant.*

E—E   *Road in question.*

F—F   *Fence running east and west through road in question.*
        *First gate across road at west "E."   Second gate 8 to 10 rods
        east of where first gate was.  "G" road leased by L. B.
        Lawrence to Elias Morris.*

and assented to by the inhabitants of the vicinity. Lawrence, who owned 120 acres north, and 52 and a fraction south, of the east and west road, then built a fence on the section line, in the middle of said east and west road, from the east end thereof to the west side of the 52-acre parcel, and connected it therewith a north and south fence, which he built across the road, putting a gate in the south portion of said cross-fence, and he has since maintained said fences and gate, except as in 1895 he removed the gate and south half of the cross-fence a short distance to the east to avoid being inconvenienced by a hill at that point. The effect was to throw the north half of that portion of the road so fenced into a cleared field, where it has since been used as improved land. The south half was thrown into a pasture lot; the 52 acres never having been cleared and plowed. Lawrence died in 1895, and his lands have been divided; the 52-acre parcel becoming the property of A. E. Lawrence, this complainant.

In 1903 the highway commissioner served a notice upon the complainant, notifying him that the gate in question and a fence connecting to the gate across the road were an encroachment upon the highway, and ordering him to remove the same. Thereupon the complainant filed the bill in this cause, alleging the foregoing facts, and upon information and belief that the commissioner threatened to forcibly enter and remove the same, and take possession of a portion of the premises, and to destroy his fences and plow up and grade the land, under the false claim that it was a public highway. The bill prayed a temporary and permanent injunction and that his title be quieted. The temporary injunction was issued. Defendant answered denying the material averments of the bill but admitting that he caused the notice to be served, and claiming the land to be a lawful highway. The answer contained the further averment that the defendant expected and intended to follow up the service of said notice by taking such further proceedings in furtherance thereof as the law in such case made and provided should point

out, with a view to recovering and freeing from obstruction said highway.

The proofs in the case show title in the complainant as found by the learned circuit judge. It is within the jurisdiction of equity to restrain highway officers from trespassing upon the lands of a private person under the claim that it is a public highway and to try and quiet his title. *Gamber* v. *Holben*, 5 Mich. 334; *Lyle* v. *Lesia*, 64 Mich. 18; *Neal* v. *Gilmore*, 141 Mich. 519. If this were not so, the record is not in a condition to permit of a dismissal of the bill, on the ground that the proceeding should have been at law rather than in chancery; the case having been heard upon the merits, and without objection, and without raising that question. *Bennett* v. *Nichols*, 12 Mich. 22.

The decree is affirmed, with costs.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.