BISSELL <em>against</em> PAYN.

IN ERROR, on *certiorari* to a Justice's Court. *Payn* sued *Bissell*, before the Justice, in an action of debt for rent re-

*Where land of a debtor is sold under an execution, pending a lease by* the debtor, and before the rent has accrued, and a certificate is given to the purchaser, pursuant to the statute passed *April* 12, 1820, (sess. 43, ch. 184.) the debtor, notwithstanding the sale and certificate, is entitled, until the time for redemption allowed him by the statute has expired and the sheriff's deed is executed, to receive and sue for the rents which have in the mean time accrued; for the possession and enjoyment of the land remains in the same state, after the sale and until the time for redemption has expired, as before the sale : And the sheriff's deed does not retrospect, but must be dated after the time for redemption has expired. Such a sale is conditional merely, and the purchaser, until the sheriff's deed is executed, has a *lien* only on the land.

NEW-YORK, served on a written lease. It appeared, that during the term,
May, 1822. and before the rent had accrued, all the title and estate of
P., the lessor in the demised premises, were sold by the
sheriff, on a judgment and execution, in favour of a stranger,
against P. The sheriff, on such sale, had given to the pur-
chaser a regular certificate, and filed a duplicate thereof, pur-
suant to the act, entitled, " An act in addition to the act con-
cerning judgments and executions," passed *April* 12, 1820.
(sess. 43, ch. 184.) But the time allowed to the debtor,
(P.) by the statute, for the redemption of the premises, had
not expired ; and, of course, no deed had been executed by
the sheriff to the purchaser. The defendant set up the sale
and certificate as a defence against the plaintiff's right of ac-
tion. The Justice overruled the evidence as irrelevant, and
gave judgment for the plaintiff below, for the amount of the
rent due.

*Per Curiam.* Upon examining the provisions of the sta-
tute, (sess. 43, ch. 184.) we are of opinion that the Justice
decided correctly. The statute intended to leave the pos-
session and enjoyment of the land, after the sale and certifi-
cate, and until the time allowed for its redemption had ex-
pired, in the same state it was in before the sale. The sale
of the land is provisional only ; and operates like a decree
of foreclosure on a mortgage. If the debtor does not re-
deem his land within a year, the sheriff is then directed to
execute a deed, &c. According to the correct practice un-
der this statute, the sheriff's deed ought to bear date after
the time for redemption has expired. The certificate, *of it-
self*, transfers no title. It is evidence merely of an inchoate
and conditional sale ; and until the deed of the sheriff is exe-
cuted, the purchaser has a *lien* only on the land : he has no
title to the rent which has accrued prior to the time when the
right of redemption expired. The terms of the statute
do not require the construction, that the deed, in its opera-
tion and effect, shall retrospect to the day of sale, which
must always be fifteen months before the execution of the
deed by the sheriff : and it would be very inconvenient and
unjust to deprive the judgment debtor of the rents accru-
ing during that interval of time. If he cannot receive

and sue for such rents, it follows that no person has a right to collect them; and the tenant, during that time, cannot safely pay his rent; for it is utterly uncertain whether a deed will be given at all; or, if given, whether it will be to the purchaser at the sale, or to a subsequent judgment creditor. The judgment must, therefore, be affirmed.