but without prejudice to any right the respondent may have to apply to the vice chancellor for a resale of the premises, upon such terms and conditions as may be just and equitable, if the report of the sale had not been confirmed, so as to make it binding and conclusive upon the parties, previous to the filing of the bill in the present suit.  The respondents are only before the court on this appeal as the heirs of the original complainant in this suit.  It would therefore be wrong to charge them personally with the costs, either in the court below or on the appeal.  And under the peculiar circumstances of the case, I shall not charge the estate of the decedent, in their hands as heirs at law, with the costs of the adverse parties.

1843.

Russell
v.
Allen.

---

## RUSSELL *vs*. ALLEN and others.

Where a junior judgment creditor sells the lands of his debtor, under his judgment, and becomes the purchaser thereof, and at the end of fifteen months from the sale receives the sheriff's deed therefor, and afterwards the same premises are sold under a prior judgment, such junior judgment creditor, being the owner of the lands by his purchase, cannot, after the expiration of the year from the last sale, redeem the premises from such sale ; for the lien of his judgment was extinguished by his purchase of the premises under it.

And such lien is extinguished, although there remains a balance due upon the judgment, beyond the amount of his bid at the sale ; except where the judgment debtor has acquired a subsequent title to the premises, which overreaches and divests the previous title which such junior judgment creditor obtained under his sheriff's deed.

The owner of lands sold under a judgment must exercise his right to redeem them from such sale within one year.  And if an equitable owner of the lands thus sold has a right to redeem, he must also exercise his right within the year ; as equity follows the law in such cases.

Upon a purchase of lands, under a judgment, which lands are subject to the lien of a prior mortgage given by the judgment debtor, the premises in the hands of the purchaser are primarily liable for the payment of the mortgage debt ; and the judgment debtor is neither legally nor equitably bound to pay off such prior mortgage, for the benefit of the purchaser under the judgment.

Where a trustee applies the trust fund in his hands to the purchase of real estate, and takes a conveyance of the premises in the name of a third person, there is no resulting trust in favor of such trustee for his own benefit ; nor is there a resulting trust in favor of his general creditors, under the pro-

visions of the revised statutes. But there is a resulting trust in favor of the owners of the trust fund which has been thus misapplied by the trustee.

1843.

Russell
v.
Allen.
April 4.

THIS was an appeal from a decree of the vice chancellor of the third circuit, dismissing the complainant's bill against Allen and Hawley, two of the defendants, with costs. The object of this suit was to obtain a decree allowing the complainant to redeem a lot of land, in Washington county, which had been purchased by the defendant Hawley, at a sheriff's sale ; and which had afterwards been conveyed by him to the defendant, Abram Allen. D. Beatty, the judgment debtor, was the owner of the lot or farm in question, in fee, in 1810, and continued in possession to the time of the filing of the bill in this cause. In 1817, Beatty mortgaged the premises to M. Townsend, for $165, which was the only incumbrance upon the premises prior to the Mc-Nish judgment, under which Hawley became the purchaser ; which judgment was docketed in June, 1824. On the 17th of July, 1826, Russell obtained a judgment, on a bond and warrant of attorney, against Beatty, for $2000 of debt and $10 costs ; the condition of the bond being for the payment of $1000 and interest. An execution was issued upon that judgment and the sheriff advertised and sold the interest of Beatty in the farm in question, on that execution, to the complainant Russell, on the 9th of February, 1828, for $800. And at the expiration of the fifteen months allowed by law for redemption, the sheriff conveyed the premises to Russell. By virtue of that conveyance, the complainant became the owner in fee of the premises, subject to the liens of the Townsend mortgage and the McNish judgment ; and also subject to a mortgage given by Beatty to the defendant Hawley, in February, 1826, to secure the payment of $404 and interest, which was also a prior lien upon the premises. After Russell became the owner of the premises, subject to these prior liens, Hawley foreclosed his mortgage, under the statute. And on the 13th of March, 1830, the premises were struck off to the defendant Nelson, for $558,30 ; and were conveyed to him by Hawley, by

virtue of the power of sale contained in the mortgage. The complainant alleged in his bill that the farm was purchased by Nelson, under the statute foreclosure, for Beatty, and was paid for with money belonging to the latter; but this allegation in the bill was denied by the answer. And by the testimony of Beatty, who was examined as a witness for the complainant, it appeared that the money which Nelson received to pay his bid, under the statute foreclosure, was money belonging to the heirs of Grizzy Beatty, in the hands of D. Beatty as her executor; and that Nelson was to have given to Beatty a mortgage upon the premises to secure the repayment of the money to those heirs. In July, 1829, the defendant Allen recovered a judgment against Beatty, for $85, in the court of common pleas of Washington county; and in December, of the same year, the defendant Hawley, and his copartner Grey, recovered another judgment against him in the same court; both of which judgments were due and unpaid on the 24th of December, 1831.

On the 24th of July, 1830, the sheriff of Washington county sold all the interest which Beatty had in the premises at the time of docketing the McNish judgment, in 1824, under an execution upon that judgment; and Hawley became the purchaser, for $144,06, the amount then due for debt and costs, and took the sheriff's certificate in the usual form. No attempt was made either by Beatty or Russell, or by Nelson who had purchased under the mortgage foreclosure, to redeem the premises within the time allowed by the statute for the owner to redeem. And shortly before the expiration of the fifteen months allowed to creditors having a lien upon the premises to redeem, Hawley made an arrangement with Allen by which the latter was to take Hawley's interest in the premises, under the sheriff's sale, and to pay him the amount of his bid, and the balance then due upon the judgment of Hawley and Grey against Beatty. The object of this arrangement was to enable Allen to obtain satisfaction of his own judgment, against Beatty, out of the property; and it was made with the consent of Beat-

ty, who expected that his family would derive some benefit therefrom under a parol promise of Allen. On the 24th of October, 1831, Russell made an affidavit that there was $700 due on his judgment, and presented it to the sheriff and offered to redeem the premises from the sale under the McNish judgment, by paying the amount bid and the interest thereon ; but the sheriff declined receiving the money, because a copy of the docket of the judgment was not produced. He also tendered the money to Hawley, who also refused to receive it, being advised by his counsel that Russell had no right to redeem. The complainant afterwards sent to the clerk's office for a certified copy of the docket of the judgment, but did not obtain it until after the expiration of the fifteen months.

The vice chancellor having arrived at the conclusion that the complainant had no right to redeem the premises after the expiration of one year from the time of the sheriff's sale, when he had himself become the owner, by his purchase under the junior judgment, dismissed the bill as to Hawley and Allen, without examining other grounds of defence set up by them.

*D. Buel, jun.* for the appellant. Russell, the complainant, as purchaser under the execution on his judgment against David Beatty acquired, after the expiration of fifteen months allowed for redemption, an interest in the lot of land in question, which the court will protect. (2 *R. S.* 373, *1st ed. pt.* 3, *ch.* 6, *tit.* 5, § 61. *Bissell* v. *Payn,* 20 *John. Rep.* 3. *Ex parte Peru Iron Com.* 7 *Cowen,* 546.) The interest thus acquired by Russell was not defeated or in anywise affected by the statute foreclosure of Joseph Hawley's mortgage, and the purchase by Nelson. (2 *R. S.* 546, *1st ed. pt.* 3d, *ch.* 8, *tit.* 15, § 8. *Benedict* v. *Gillman,* 4 *Paige,* 58.) Russell had a right to pay off the McNish judgment until after the expiration of the fifteen months from the time of the sale on the execution issued on that judgment. (4 *Kent's Com.* 156, *1st ed.,* 162 *2d ed. Powell on Mort.* 343, 381, 382. *Grant* v. *Duane,* 9 *John.*

*Rep.* 612. *James* v. *Hubbard*, 1 *Paige*, 228, 235. 5 *John. Ch. Rep.* 491.) The tender made by Russell, on the 24th October, 1831, discharged the lien of the McNish judgment, and prevented the purchase under the execution maturing into a title. (*Jackson* v. *Crafts*, 18 *John*. 110. *Cook & Kane* v. *Mancius*, 5 *John. Ch. Rep.* 89. *Swain* v. *Perrine, Idem*, 482, 491.) It is no objection to the claim and rights of Russell that he did not furnish a copy of the docket of his judgment to the defendants, or to the sheriff, until after the expiration of the fifteen months. Allen had full notice before his purchase of the complainant's rights, and has no better equity than Hawley had, in whose shoes he stands. (*Ells* v. *Tousley*, 1 *Paige*, 280. *Cook & Kane* v. *Mancius*, 5 *John. Ch. Rep.* 89.) The defendants, Hawley and Allen, cannot in any event claim in equity more than the amount of the McNish judgment, and of the judgments in their favor.

*S. Stevens*, for the respondent. The complainant, by the sale under the judgment and execution in his favor against David Beatty, ceased to be a judgment creditor of Beatty as to the premises sold, and could only redeem as purchaser or owner. To entitle a party to redeem, his judgment must be a lien upon the premises. (3 *Cowen's Rep.* 35.) The complainant having purchased the lot at the sale under his judgment, succeeded to Beatty's right, and his judgment ceased to be a lien upon the lot. He could therefore only redeem as owner ; and the right of redemption expired 24th July, 1831, the sale having been on 24th July, 1830. (4 *Cowen*, 133. 2 *R. S.* 371, § 51. 8 *Johns. Rep.* 333. 2 *R. S.* 370, § 45, 46. *Idem*, 371, § 50, 51. *Idem*, 373, § 58.) Although there was a balance due upon the complainant's judgment, after deducting his bid of $800, under which he might redeem other lands of his judgment debtor, yet he could not redeem the lot in question, which had been sold under his own judgment and bid off by himself. With respect to this lot he had acquired the title of his judgment debtor, and stood in his shoes, and could therefore only redeem within the year. The

foreclosure of Hawley's mortgage, on the 13th March, 1830, also destroyed all lien which the complainant had by virtue of his judgment. A statute foreclosure and sale is an entire bar to all claim or equity of redemption, of the mortgagor, his heirs and representatives, and of all persons claiming under him or them, by virtue of any title subsequent to said mortgage. (2 *R. S.* 546, § 8.) The complainant's judgment was fully paid and satisfied, and therefore was not a lien upon the premises at the time he sought to redeem. If the complainant was a judgment creditor of Beatty, and had a right to redeem the premises in question, he was bound to comply strictly with the statutes which give him that right. (6 *Wend.* 526.) This he did not do. He did not produce the clerk's certificate of the docket of the judgment under which he sought to redeem. (2 *R. S.* 373, § 60.) The agreement set up in the bill, even admitting it to be as there stated, gave the complainant no right whatever, either legal or equitable, to redeem the premises in question. And it is expressly denied by the answer, and no witness proves it, as laid or charged in the bill.

THE CHANCELLOR. The vice chancellor was clearly right as to his construction of the statute relative to the redemption of lands sold upon execution. The owner of the premises must exercise his right to redeem within the year, or the purchaser will be entitled to a conveyance at the expiration of the fifteen months; unless some creditor whose judgment or decree is a valid and subsisting lien or charge upon the premises, acquires the interest of such purchaser in the manner prescribed in the statute.' (2 *R. S.* 371, § 50, 51. *Van Rensselaer* v. *The Sheriff of Onondaga*, 1 *Cowen's Rep.* 443.) And as equity follows the law in such cases, a person who claims the right to redeem as equitable owner of the premises must also exercise the right within the year; if such a right exists in favor of an equitable owner who has no legal estate in the premises. Here the lien of the complainant's judgment was extinguished by his purchase of the premises under it, in February, 1828,

even if there was a balance due upon that judgment be- 1843.
yond the amount of his bid ; unless his judgment debtor
had acquired a subsequent title, to the property, which over-
reached and divested the previous title which the complain-
ant had obtained under the sheriff's deed.  In that case
the balance, if any, due upon the judgment, would have
been a lien upon the newly acquired title of Beatty to the
property ; and the subsequent judgments of Allen, and of
Hawley and Grey, would also have been legal liens on that
title, so as to give them the right to redeem as judgment
creditors.

Russell
v.
Allen.

That would have been the effect of the statute foreclo-
sure if Beatty had purchased the premises with his own
funds, and had taken a conveyance of the land to himself.
For as Russell had purchased subject to the lien of the
mortgage to Hawley, the premises in his hands were pri-
marily liable for the payment of the mortgage debt ; and
Beatty was neither legally or equitably bound to pay off
that mortgage for his benefit.  (*Tice* v. *Annin*, 2 *John. Ch.
Rep.* 128.)  But as this sale of the mortgaged premises
took place after the revised statutes, the payment of his
own money, and taking a conveyance in the name of Nel-
son, would not have vested the equitable title to the lands
in Beatty as a resulting trust.  (1 *R. S.* 728, § 51.)  But
the conveyance to Nelson would have been deemed fraud-
ulent as against the creditors of Beatty, and there would
have been a resulting trust in their favor which could have
been enforced, for their benefit, in this court.  The com-
plainant's own evidence shows, in this case, however, that
there was no resulting trust in his favor, or in favor of any
other of the general creditors of Beatty.  For the money
which was applied to pay the bid, under the sale upon the
mortgage, was a special fund belonging to the heirs of
Grizzy Beatty.  And if the money was not intended to be
loaned to Nelson, upon the security of a mortgage upon the
premises, the trust would have resulted in favor of those
heirs, by this misapplication of the trust funds belonging to
them ; and not in favor of the general creditors of D. Beat-

ty. I am satisfied, therefore, that the complainant had no right to redeem in this case, either as the legal or equitable owner of the premises, or as a judgment creditor of Beatty having a lien thereon, by virtue of his judgment, at the time he attempted to redeem in October, 1831. It is not necessary to enquire whether there was any thing actually due on his judgment at that time ; or whether the allegation in the bill is true that these defendants overreached him and prevented his getting a certificate of the judgment in time to enable him to redeem within the fifteen months.

The decree appealed from must therefore be affirmed with costs.