## *Ex parte* PETER ELWOOD.

A sale of land on execution, followed by a sheriff's deed to the purchaser, or to a creditor who by redeeming had acquired his right, cuts off all junior liens; and therefore, where after such sale and conveyance, the land is again sold upon execution on a senior judgment, a creditor having a judgment docketed subsequently to the one on which the first mentioned sale took place, cannot redeem.

REDEMPTION of lands. The following judgments had been docketed against David Diefendorff, viz. : (1) one in favor of the Schenectady Bank, 1st October, 1837; (2) one in favor of the Otsego County Bank, 20th February, 1838; (3) two in favor of Adams, 28th April, 1838; and lastly, another in favor of the Schenectady Bank, May 7th, 1838. On the 7th June, 1839, the land of Diefendorff was sold on an execution issued on the judgment *secondly* mentioned, and duplicate certificates given to the purchaser; and on the 7th February, 1838, Henry Elwood, as owner of a mortgage upon the premises, executed July 23d, 1838, and assignee of the judgment lastly mentioned, duly acquired the interest of the purchaser by redemption. On the 8th Feb-

ruary, 1838, (the day after such redemption,) the sheriff executed a deed to Henry Elwood.

On the 7th March, 1844, the same premises were sold on execution on the *first* mentioned judgment, and Charles Diefendorff became the purchaser; and he, on the 31st May, 1845, assigned the sheriff's certificate to Peter Elwood.

Before the expiration of fifteen months from the time of the last mentioned sheriff's sale, A. H. Diefendorff, as assignee of the two judgments in favor of Adams, being those *thirdly* above mentioned, sought to acquire by redemption the right of the purchaser under that sale; and, assuming that these judgments were a lien upon the premises, did what was required to effect such redemption.

Since the expiration of the fifteen months, Peter Elwood, as assignee of the sheriff's certificate given to Charles Diefendorff, has demanded a deed of the sheriff, which has not been executed.

*N. Hill, Jr.*, in behalf of Peter Elwood, moved for a mandamus to compel the sheriff to execute the deed.

*M. T. Reynolds*, for A. H. Diefendorff, insisted that he as a redeeming creditor had acquired the right of the purchaser under the last sale.

BEARDSLEY, J. held that the judgments in favor of Adams ceased to be liens on the land, after the expiration of fifteen months from the time of the first mentioned sale—that is to say, after the 7th day of September, 1840. After that sale became perfect, all junior liens, where the creditors who held them had not redeemed, were cut off. The owners of these judgments might have redeemed from the purchaser at the first mentioned sale, at any time before that sale had become absolute; but having suffered that time to go by, the lien of their judgments upon that land is extinguished, and the right of redemption, which exists only in favor of a party having a judgment or mortgage

lien, is gone.   A *mandamus* requiring a conveyance to be exe-cuted to Peter Elwood must issue.   (2 *R. S.* 371, § 51.) (*a*)

Motion granted.

(*a*) *Ex parte Stevens,* (4 *Cowen,* 133 ;)  *Russell* v. *Allen,* (10 *Paige,* 249.)