## RICH *vs.* BAKER.

The purchaser of land sold on execution, after receiving the sheriff's deed may bring waste, or an action on the case in the nature of waste against the defendant in the execution, for cutting timber while he remained in possession during the fifteen months subsequent to the sale. *Per* BRONSON, C. J.

He may also bring trover for the timber. *Per* BRONSON, C. J.

But he cannot maintain replevin in the *cepit*, as that action will lie only where trespass might be brought, and trespass for an injury to real estate, can only be sustained by a party in possession.

REPLEVIN in the *cepit* for a quantity of pine saw-logs and lumber, tried before GRIDLEY, C. Judge, at the Oswego circuit in December, 1838. The case was this: the defendant owned and occupied 30 acres of land in Albion, Oswego county: the land was sold under a judgment and execution against the defendant, and purchased by the plaintiff, on the 7th of March, 1835. At the expiration of 15 months, there having been no redemption, the sheriff executed a deed to the plaintiff, on the 15th of June, 1836. Between the time of the sale and the expiration of the 15 months, the defendant cut and carried off the logs and lumber in question; and after the plaintiff got his deed he brought this action of replevin, claiming to recover damages for cutting and carrying away the timber. The judge decided that the action could not be maintained, and ordered a nonsuit. The plaintiff moves for a new trial on a bill of exceptions.

*A. Z. McCarty,* for the plaintiff. 1. The sheriff's deed, when executed, took effect by relation as of the day of sale for the purpose of sustaining an action for any injury to the real estate. (2 *R. S.* 373, § 61; *id,* 337, § 22. *See also, Jackson* v. *Ramsay,* 3 *Cowen,* 75; *Heath* v. *Ross,* 12 *John.* 140; *Jackson* v. *Dickenson,* 15 *id.* 309.) 2. The property in the timber after severance vested in the plaintiff as owner, and he can therefore maintain this action. (*Mooers* v. *Wait,* 3 *Wend.* 104· *Heath* v. *Ross supra; Morgan* v. *Varick,* 8 *Wend.* 587.)

*B. D. Noxon*, for the defendant, insisted, that as replevin in the *cepit* would lie only where trespass could be brought, and as trespass for an injury to real estate could not be maintained where the defendant was in possession at the time of the act committed, the plaintiff could not recover; and referred to *Marshall* v. *Davis*, (1 *Wend.* 109;) *Putnam* v. *Wylie*, (8 *John.* 432;) *Peterson* v. *Clark*, (15 *id.* 205;) *Campbell* v. *Arnold*, (1 *id.* 511;) *Barrett* v. *Warren*, (3 *Hill*, 348.)

*By the Court*, BRONSON, Ch. J.    On judgment sales of real estate prior to the redemption law of 1820, the sheriff's deed, though given long afterwards, related back to the time of the sale. (*Jackson* v. *Ramsey*, 3 *Cowen*, 75.)    But after the law gave the debtor and his creditors fifteen months to redeem, it was held that the deed did not retrospect to the time of the sale, so as to give the purchaser a right to the rents and profits during the fifteen months. (*Bissell* v. *Payn*, 20 *John.* 3.)    For most purposes, it only relates back to the expiration of the time for redemption. (*Klock* v. *Cronkhite*, 1 *Hill*, 107.)    The present statute expressly provides that the debtor may have the use and enjoyment of the property during the fifteen months;(*a*) and that his title shall not be divested until the expiration of that time.    But he is answerable to the grantee in the sheriff's deed, for any waste he may have committed after the sale; and the grantee is deemed vested with the legal estate from the time of the sale, for the purpose of maintaining an action for any injury to the land. (2 *R. S.* 336, § 20 *to* 22; *p.* 373, § 61.)    Although the defendant was entitled to the possession during the fifteen months, the cutting and carrying away the timber was a wrongful act, for which the plaintiff, after he got his deed, might have had an action of waste, by the express terms of the statute. (2 *R. S.* 336, § 20.)    And under the general words of the 61st section, (*p.* 373,) giving the grantee in the deed the title from the time of the sale, "for the purpose of maintaining an action for any

---

(*a*) But the rents and profits for the fifteen months may be reached by judgment creditor's bill. (*Farnham* v. *Campbell*, 10 *Paige*, 598.)

injury to such real estate." I think the plaintiff might have brought trover for the timber; or that he might have had an action on the case in the nature of waste to recover damages. But replevin in the *cepit* only lies where trespass might have been brought. And the general rule is, that trespass for an injury to real estate, can only be maintained by a party in possession, or by the owner of lands which are unoccupied. Here the premises were not vacant; and the possession was not in the plaintiff, but in the defendant.

It is true that trespass lies against a tenant at will for voluntary waste; but that is because the wrong determines the tenancy, and the occupant no longer has the rightful possession. But in this case, notwithstanding the wrong done by the defendant, he was still rightfully entitled to the possession until the termination of the fifteen months; and in the mean time, the plaintiff could have no action for the injury. When he got the title it related back to the sale, for the purpose of enabling him to sue; (§ 61;) but a good title does not authorize him to bring trespass against the rightful occupant. The action is misconceived. It should have been waste, trover, or a special action on the case.

New trial denied.