SHEPARD *vs.* O'NEIL and others.

By a sale of land on a judgment, the lien of the judgment, and the right to redeem under it, are taken away.

But where premises subject to a prior mortgage are sold under judgments against the mortgagor, and are bid in by the judgment creditors, such judgment creditors are entitled to the surplus moneys arising from a sale of the premises under a decree for the foreclosure of the prior mortgage; in preference to the holder of a junior judgment upon which no sale has been had.

IN EQUITY. Exceptions to the report of a referee as to the distribution of the surplus moneys arising on the sale of mortgaged premises. O'Neil gave a mortgage dated February 7, 1845, and recorded February 11, 1845, and which was foreclosed by the plaintiff. The decree of foreclosure was made April 26, 1848, for $311. The premises were sold on the same day for $610, and bid off by P. Cagger, Esq. Richard Bulger obtained a judgment against O'Neil for $132,57, which was docketed May 9th, 1845, and an execution was issued and the mortgaged premises sold thereon on the 8th of October, 1847, and bid in by Bulger for $89, which satisfied his judgment. William F. Randal obtained a judgment against O'Neil for $309,80, which was docketed November 25, 1845, and the mortgaged premises were sold upon an execution issued thereon on the 13th of April, 1847, and were bid in by Randal for $194,19, the amount due on the judgment. The sheriff gave a certificate in each case to the purchaser. Robert Boyd obtained a judgment against O'Neil for $228,32, which was docketed November 27, 1845, and had been assigned to Mr. Cagger. The referee reported these facts, and decided that after paying the decree and expenses of sale, Bulger was first to be paid his bid on the sheriff's sale on his judgment, and interest from the time of sale; and that Randal was next to be paid his bid in like manner; and that the balance, if any, should be applied on the Boyd judgment. To this report the assignee of the

Boyd judgment excepted, and now moved to be preferred to Bulger and Randal.

*N. Hill, Jun.* for the motion.

*C. O. Shepard,* contra.

HAND, J.   I believe it is well settled, that by a sale of land on a judgment, the lien of the judgment and the right to redeem are gone. (2 *Wend.* 298.  4 *Cowen,* 136.  5 *Hill,* 228. 1 *Denio,* 633.  1 *Hill,* 110.  2 *Denio,* 344.  10 *Paige,* 249. 7 *Cowen,* 21.  1 *Barb. S. C. R.* 388.)  And if the statute giving power to dispose of the surplus money on a mortgage sale, confined the distribution to liens " by judgment or decree," in the language of the 93d rule, I should not hesitate to declare against the claims of Bulger and Randal, however strong their equity.   But the statute is, that the surplus money " shall be brought into court for the use of the defendant or of the person who may be entitled thereto, subject to the order of the court." (2 *R. S.* 192, § 159.)  And, as the sales under the judgments of Bulger and Randal would, in time, unless the land had been redeemed, have cut off the Boyd judgment, even if the owners of those judgments had no legal liens, Bulger and Randal would probably have been entitled to relief as having equitable liens, unless barred by some positive rule of law.  (*Buchan v. Sumner,* 2 *Barb. Ch. Rep.* 194.)  But they have liens on the land, although their judgments are liens no longer.  Such was the view of Chancellor Walworth in *Snyder* v. *Stafford,* (11 *Paige,* 77.)  That case, I think, disposes of the case in hand. It was there held, that after a sale upon a judgment, the purchaser had a specific lien, and was therefore entitled to the surplus money arising from a sale upon the foreclosure of a prior mortgage.  It had before been decided that the purchaser of real estate at a sheriff's sale, before obtaining his deed, had a lien.  (*Bissel* v. *Payne,* 20 *John.* 3.  *Evertson* v. *Sawyer,* 2 *Wend.* 510.  *And see Schermerhorn* v. *Merrill,* 1 *Barb. S. C. R.* 518, *and cases there cited.*)

An order must be entered confirming the report of the referee, directing that the surplus money be paid accordingly. But as the question is somewhat new, and I believe the exceptions were taken before the case of *Snyder* v. *Stafford* was published, I shall not give costs on this motion to either party.

SAME TERM.    *Before the same Justice.*