Hubbard, J.
By the express provision of the statute, a sheriff’s deed, given on the sale of real estate on execution, is made to relate to the time of sale, for the purpose of an action to recover for any injury to the property subsequent to the sale. The legal estate is deemed vested in the grantee by relation as of the time of the sale. (2 R. S., 373, § 61.) The language of the statute is general, giving the right of action to the sheriff’s grantee to redress any injury committed intermediate the sale and conveyance. The action is not limited against the debtor or other person who may have been in possession of the premises, but may be brought against any person committing the wrong. (2 R. S., 336, § 20.) The action is in no respect possessory, like trespass, where possession or the right of possession at the time in the plaintiff is essential.- It is a statutory remedy to recover for the waste, by whomsoever committed.
The decision in the case of Rich v. Baker (3 Denio, 79) has no application te this case. That was an action of replevin. It was held that the action was not maintainable, on the technical ground that replevin in the cepii could only *476 be brought where trespass would lie. But the present action is a special action on the case, in the nature of waste, expressly authorized by the statute.
The plaintiff recovered, as a measure of damages, the value of the logs and timber cut and carried away. This was right. It seems to me, under the general language of the statute, the specific action of trover might have been brought, as intimated by Chief Justice Bronson in Rich v. Baker. Under the Code, however, the better form of action may be-the one adopted in this case, to set out in the complaint the plaintiff’s title and the particular injury committed by the defendant, within the statute.
[After discussing some other exceptions, the judge concluded that none of them were well taken, and that the judgment should be affirmed.]
Comstock, J.
The statute (2 R. S., 373, § 61) provides that a judgment debtor’s title shall not be divested by sale under execution until the expiration of fifteen months from the time of such sale, but if no redemption takes place then, that the grantee in the sheriff’s deed shall be deemed vested with the legal estate from the time of the sale for the purpose of maintaining an action for any injury to such real estate. The plaintiff in this case is the grantee of the sheriff, and after the maturity of his title under the sale, he brought this suit for injuries to the land done after the sale and before the fifteen months expired. The action is, therefore, expressly authorized by the statute, and hence there is no force in the objection that the plaintiff at the commencement of the suit was not and never had been in possession of the land. If the suit were technically in trespass, according to the former division of actions, the want of possession at the time of the wrongful entry might be fatal. (Rich v. Baker, 3 Denio, 79.) But the objection would be to the form of the remedy merely. These distinctions of form no longer exist, and in the present case the *477 injury sued for is accurately described in the complaint. The defendant wrongfully cut down and carried away standing trees and timber after the sheriff’s sale, and that is precisely what he is charged with.
The plaintiff was not the original purchaser at the sheriff’s sale, but under the statute acquired the purchaser’s title as a junior judgment creditor of the same debtor. The statement in the record of what took place on the trial shows that “ the defendant admitted the redemption by the plaintiff of the premises described in the complaint, and also what the sheriff would swear to if he were present.” The fair construction of this admission is, not merely that the plaintiff went through the ceremonial acts pointed out by the statute, but that the redemption, so called, was a valid one, which entitled him to the sheriff’s deed.
After discussing the other questions, the judge concluded that the j udgment should be affirmed.
Judgment affirmed