By the express provision of the statute, a sheriff's deed, given on the sale of real estate on execution, is made to relate to the time of sale, for the purpose of an action to recover for any injury to the property subsequent to the sale. The legal estate is deemed vested in the grantee by relation as of the time of the sale. (2 R.S., 373, § 61.) The language of the statute is general, giving the right of action to the sheriff's grantee to redress any injury committed intermediate the sale and conveyance. The action is not limited against the debtor or other person who may have been in possession of the premises, but may be brought against any person committing the wrong. (2 R.S.,
336, § 20.) The action is in no respect possessory, like trespass, where possession or the right of possession at the time in the plaintiff is essential. It is a statutory remedy to recover for the waste, by whomsoever committed.
The decision in the case of Rich v. Baker (3 Denio, 79) has no application to this case. That was an action of replevin. It was held that the action was not maintainable, on the technical ground that replevin in the cepit could only *Page 476 
be brought where trespass would lie. But the present action is a special action on the case, in the nature of waste, expressly authorized by the statute.
The plaintiff recovered, as a measure of damages, the value of the logs and timber cut and carried away. This was right. It seems to me, under the general language of the statute, the specific action of trover might have been brought, as intimated by Chief Justice Bronson in Rich v. Baker. Under the Code, however, the better form of action may be the one adopted in this case, to set out in the complaint the plaintiff's title and the particular injury committed by the defendant, within the statute.
[After discussing some other exceptions, the judge concluded that none of them were well taken, and that the judgment should be affirmed.]