# JANUARY TERM, 1870, AT LANSING.

(CONTINUED FROM VOLUME XIX.)

---

## Peter B. Appledorn v. James B. Streeter.

*Promissory note : Payment by party interested.* The payment, after maturity, of a promissory note secured by a mortgage, by a party who had acquired the mortgagor's title to the mortgaged premises, by conveyance expressly made subject to the mortgage, extinguishes the note; and if it be afterwards put in circulation no recovery can be had up on it.

*Heard and decided January 6.*

Error to Kalamazoo Circuit.

This was an action of *assumpsit* brought in a Justice's Court, and from there removed by a writ of *certiorari* to the Circuit Court. The plaintiff declared in an action of trespass on the case upon the common counts in *assumpsit*, and specially on a note, of which the following is a copy, to wit:

" $200. KALAMAZOO, July 14th, 1862.

One year from date, I promise to pay John Hoedemaker, or bearer, Two Hundred Dollars, with ten per cent. interest until the principal be paid, for value received. P. B. APPLEDORN.— " I do hereby extend the payment of the above and annexed note, two years from this date, at seven per cent. interest, payable annually, July 31st, 1863. B. F. RICHMOND." On the back of which said note are the following endorsements:

" Received July 31st, 1863, the interest on the within note to date. J. HOEDEMAKER. Received July 31st, 1864

20 MICH.—B.

the interest due on the within note up to date. B. F. RICHMOND. Received July 31st, 1864, one hundred dollars of the principal of the within note. Received on the within note, July the 31st, 1865, the interest up to this date."

The defendant pleaded the general issue and gave notice that the note mentioned in plaintiff's declaration, was given with a mortgage to John Hoedemaker, to secure the same money mentioned in the note, and that the note and mortgage had been satisfied and paid, and that said note came to plaintiff after due.

On the trial before the Justice, evidence was offered to show that the note declared on was secured by a mortgage executed by the maker, Appledorn, to the payee, Hoedemaker:—that on the 1st of July, 1863, Hoedemaker assigned the mortgage to B. F. Richmond;—that on the 29th day of April, 1864, Appledorn, the mortgagor, conveyed the equity of the redemption in the mortgaged premises to Dewitt; that Dewitt afterwards conveyed to Daily, and Daily to one John Allen; that each of these conveyances was made subject to the mortgage,—in the first two, described as a mortgage to B. F. Richmond, and in the last to Hoedemaker; that Allen, having thus acquired the title to the mortgaged premises, paid the balance due on the mortgage to Richmond, who discharged the mortgage of record and delivered the mortgage and note to Allen. The admission of this testimony was objected to before the Justice, who overruled the objection and rendered judgment for the defendant.

The case was then removed by writ of *certiorari* to the Circuit Court for the County of Kalamazoo; the following, being the errors assigned :

*First*—That the said Justice erroneously received the evidence offered by defendant and objected to by plaintiff.

*Second*—The judgment rendered by the Justice is contrary to law and evidence.

*Third*—The Justice erred in not rendering judgment

for the plaintiff for the amount unpaid on the note, as appeared by it, as there was no evidence or claim that defendant had ever paid or that any person had paid it for him, or that there was any contract to pay it by plaintiff, or any former holder of the note.

The Circuit Court reversed the judgment of the Justice, and the case now comes into this Court by writ of error.

THE COURT held that the payment of the note by Allen extinguished it; and if afterwards, and after maturity, it was put in circulation, no recovery could be had upon it.

· Judgment reversed.

*Balch, Smiley & Balch,* for plaintiffs in error.

*J. L. Hawes,* for defendant in error.