CLAYTON L. HILL vs. PHILANDER PIXLEY, impleaded with Milo W. Hill and others.

On the 7th of August, 1855, certain premises owned by H. became subject to the lien of a judgment on that day docketed against him. On the 24th of August, 1855, H. executed to M. a mortgage on the same premises, for $5309, which was recorded on the 27th of the same month. On the 22d of November, 1856, the premises were sold, upon an execution issued on said judgment, and bid off by G. On the 4th of May, 1858, a deed of the premises was executed by the sheriff to E. G., the assignee of the certificate of sale. E. G., on the 1st of June, 1859, conveyed the premises to M., the mortgagee, who still remained the owner of the mortgage, never having taken any steps to effect a redemption of the premises from the sale under the prior judgment. On the 20th of May, 1860, M. deeded the premises to L. H. The mortgage was subsequently placed in the hands of A., who re-transferred it to M., and M. transferred it to the plaintiff. In proceedings by the creditors of H., against him and L. H., it was decreed that L. H. held the title in trust for H., and in fraud of creditors; and both were ordered to convey to a receiver. In an action to foreclose the mortgage, the defendant P. claimed through a purchase from the receiver, and stood upon that title, claiming that the mortgage was merged, and the lien thereof extinguished, by the sale under the prior judgment, and by the conveyance of the premises to M., the mortgagee.

*Held*, 1. That the effect of the judgment, and the failure to redeem, by the judgment debtor or the subsequent incumbrancer, was to transfer the title to the purchaser, and to extinguish all liens inferior to the judgment.

2. That the purchase of the premises by M., the mortgagee, could not have the effect to revive his mortgage as a lien.

3. That upon this view of the case, the doctrine of merger had no just application; for when M. purchased the mortgaged premises, his equitable estate was gone.

4. But that, conceding that when M., the mortgagee, took a conveyance to himself of the fee or equity of redemption, his mortgage lien was in full force and effect, unimpaired by the sale under the judgment, the same was extinguished by being sunk in the legal estate; and could not be upheld by the court, as a lien.

5. That the title acquired by the defendant under the deed from the receiver, was freed from the lien of the mortgage.

When a lien is once extinguished, at law, it cannot be revived again.

THIS action is to foreclose a mortgage, made and executed by Milo W. Hill.

Prior to the 7th day of August, 1855, Hill, the mort-

gagor, owned the mortgaged premises in fee. On that day the premises became subject to a lien of $1851, by virtue of the recovery and docket of a judgment against Hill. On the 24th day of August, 1855, Hill executed to one Luman A. Miller a mortgage on the same premises, for the sum of $5304, and it was recorded in Erie county clerk's office on the 27th of the same month. On the 22d day of November, 1856, the premises were sold on an execution issued on said judgment, and bid in by one Gibbs. On the 4th day of May, 1858, a deed of the premises was executed, by the sheriff, to Edwin H. Gibbs, the assignee of the certificate of sale. On the 1st day of June, 1859, Gibbs conveyed the premises to Miller, the mortgagee, who, up to this time, remained the owner of the said mortgage, never having taken any steps to effect a redemption of the premises, from the sale on said prior judgment.

May 20, 1860, Miller deeded the premises to one Lewis O. Hill. By an arrangement, existing between Miller and one Austin, this mortgage was placed in Austin's hands, who re-transferred it to Miller, and he to the plaintiff. The referee finds that Miller had possession of the mortgage when he deeded to Hill. In proceedings by the creditors of Milo W. Hill, against him and Lewis O. Hill, it was decreed that Lewis O. held the title in trust for Milo W., and in fraud of creditors, and both were ordered to convey to a receiver. The defendant Pixley claims through a purchase from the receiver, and stands upon that title, and claims that the mortgage sought to be foreclosed is merged, and the lien extinguished. Other facts bearing upon the case are stated in the opinion.

The referee held that Pixley's title was discharged from the mortgage, and dismissed the plaintiff's complaint. From the judgment entered thereon the plaintiff appealed.

*R. Saunders*, for the appellant.

*James M. Humphrey*, for the respondent.

*By the Court*, BARKER, J.   The defendant Pixley resists the foreclosure of the mortgage, on the ground that it has ceased to be a lien on the premises.   That the sale of the same on the judgment, which was the prior lien, and the purchase by Gibbs, who was a stranger to the title, in law worked an absolute extinguishment of the mortgage lien.

It is not disputed but what Milo W. Hill owned the fee of the land when the judgment was recovered, upon which the sale took place, and that he remained such owner until the time for redemption expired after such sale.

The effect of the sale on the judgment and the failure to redeem, by the judgment debtor or the subsequent incumbrancer, was to transfer the title to the purchaser and to extinguish all liens inferior to the judgment.   This result is produced by the provisions of the statute, providing for a lien on land by virtue of a judgment, and a sale thereof under such judgment and a foreclosure of all subsequent liens.   If Gibbs, the purchaser, after receiving the sheriff's deed, had sold and conveyed the premises to a stranger, no one would doubt but what such purchaser would have acquired a perfect title, freed from this mortgage, just as Gibbs held the same, entirely exempt from any lien.   The purchase by Miller, who was the mortgagee, could not have the effect to revive his mortgage as a lien.   No purpose beneficial to Miller would be effected by such an operation.   The sale being entirely regular, the fee of the judgment debtor and mortgagor was vested in him, and all other incumbrances by judgment or mortgage, like his own, were legally expunged from the record, so far as this parcel of land is concerned.   When a lien is once extinguished in law, it cannot be revived again. (*Ex parte Peter Elwood*, 1 *Denio*, 633.   *McCammon* v. *Wor-*

Hill *v.* Pixley.

*rall,* 11 *Paige,* 99. *Middle District Bank* v. *Deyo,* 6 *Cowen,* 732.) It may be observed that when Austin claimed to have acquired an interest in the mortgage, from Miller, the record showed that this sale had taken place and the time for redemption had expired. Thus he had legal, if not actual notice, that this mortgage had ceased to be a lien on the premises.

It seems to be unnecessary to examine and discuss the other proposition of law presented by the defendant Pixley, that upon the principles applicable to the doctrine of merger, the mortgage lien is lost. If the foregoing views are sound, the question of merger has no just application; for when Miller purchased the premises, his equitable estate was gone.

But let it be conceded, as the plaintiff claims, that when Miller took to himself a conveyance of the fee, his mortgage lien was in full force and effect, wholly unimpaired by the sale; then can this court uphold the mortgage as a lien? We think not, upon the facts expressly found and presumed to be found by the referee.

A merger, at law, is defined by commentators to be, "where a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate," then the lesser estate is at once consumed by the greater, or in legal phrase, merged, annihilated. In courts of law, this rule is rigidly adhered to; it is invariable and unchangeable. In courts of equity the rule is more favorable, and the question depends upon the *intention* and *interests* of the person in whom the two estates unite. It is a question of fact, and to be tried the same as other issues in the case. In this case, it was for the plaintiff to maintain that it was not the intention of Miller to suffer a merger or extinguishment of the equitable estate. The referee has not so found, and the presumption is, that he found the very contrary; for, in disposing of the case, on the principles applicable to mer-

---

Hill *v.* Pixley.

---

ger, he must have so found, to uphold the legal conclusion. From all the facts and circumstances disclosed by the testimony in the case, this court are of the opinion that conceding that when Miller bought the fee or equity of redemption, the mortgage lien was in existence, the same was extinguished by being sunk in the legal estate. No interest of Miller in the premises could be favored by keeping the security on foot. The dealings between Miller and Austin were not such as to evince an intention, *bona fide*, and in good faith, to keep this mortgage estate in life. Austin was Miller's lawyer. The transaction did not amount to a sale and assignment of the debt secured by the mortgage. At most, it was only collateral to such sum as Miller owed Austin, which is not disclosed. Austin held this mortgage for over eleven years, neither he or Miller seeking to enforce it, and after the title is vested in Hovey, Pixley's grantor, Austin hands back the bond and mortgage to Miller, and takes Miller's note for the sum he owed him. Austin made no advance on the strength of the alleged hypothecation. When Miller received back the bond and mortgage, he transferred it to the plaintiff, and without a written assignment or proving the payment of any consideration for the same, he seeks to enforce it as a lien. In the meantime Miller had sold and conveyed the fee to Lewis O. Hill, a brother of Milo W. Hill. Such title, by the decree of this court, was adjudged to be held for the benefit of Milo W. and in fraud of his creditors. Under the decree of this court, a sale was had and conveyances made for the benefit of such creditors. Upon that title the defendant stands, and he has it freed from this mortgage.

The judgment is affirmed, with costs of this appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker*, Justices.]