## MARY A. McCALLUM *v.* S. M. JOBE.

1. BILLS AND NOTES. *Principal and surety. Evidence. Parol, admissible to show the meaning of an indorsement.* The defendant, Jobe, indorsed the note in controversy to W. D. McCallum, who transferred the same to the plaintiff, Mary A. At the time the note was purchased by W. D. McCallum, the defendant, Jobe, had a mortgage upon valuable real estate to secure it. Upon the same property W. D. McCallum had foreclosed a subsequent mortgage of his own, and became the purchaser himself, and was in the possession under a deed from the trustees. It is alleged as error, that the court below, over the objections of the plaintiff, admitted the testimony of the defendant to the effect that when he sold and endorsed the note to W. D. McCallum, there was a distinct understanding between them, that McCallum was buying to relieve his property of this incumbrance upon it, and that

McCallum *v.* Jobe.

the defendant was in no manner to be held liable, and that McCallum was to be substituted to all of Jobe's rights, under the prior mortgage, which was a full indemnity and consideration to McCallum for his outlay for the note. *Held,* in such a case the testimony was properly admitted.

2. SAME. *Same. Mortgage. Debt merged by operation of law.* By operation of law the debt was merged and extinguished, and there can be no recovery on the note. In such a case the sale of the note carried the security with it, and no paper title was necessary to invest the purchaser with all the benefits of the mortgage.

Cases cited: Cleveland *v.* Martin, 2 Head, 131; Gibson v. Martin, 7 Hum., 127; Graham *v.* McCampbell, Meigs' R., 52; Napier *v.* Elam, 6 Yer., 116; Graves *v.* McFarlane, 2 Col., 167; Hepburn *v.* Kerr & Davidson, 9 Hum., 726.

---

FROM SHELBY.

---

Appeal from the Circuit Court. C. W. HEISKELL, Judge.

WILSON & BEARD for complainant.

JARNAGIN for defendant.

SNEED, J., delivered the opinion of the court.

The action is brought upon a promissory note for five thousand dollars, executed by C. Pfanuensteihl to the defendant, S. M. Jobe, on the 4th August, 1866, due at twelve months after date, and indorsed by Jobe to W. D. McCallum, February 21, 1870, and by him to the plaintiff. At the time of the purchase of the note by W. D. McCallum, the defendant Jobe had a mortgage upon valuable real estate in the city of Memphis to secure it. Upon the same property W. D. McCallum had foreclosed a subsequent mortgage of his own, had become the purchaser himself and was in

McCallum *v.* Jobe.

possession under a deed from the trustee. The verdict and judgment below were for the defendant, and to reverse that judgment the plaintiff has appealed in error.

It was insisted upon the trial below, that the liability of the defendant as endorser, had not been fixed by due and lawful demand and notice, and that by the laches of the plaintiff in this respect the defendant had been discharged. In the view we have taken of the case, this question may well be ignored and pretermitted in the discussion. We may concede, for all the purposes of this decision, that the demand and notice were proper, regular and lawful, but where it is so plainly manifest upon the merits of the cause, that the exact legal rights of the parties have been attained and the strict law of the case administered by the verdict, we are forbidden to reverse the judgment, unless in some manner the merits of the cause have been affected by the error alleged. It is alleged as error, that the court below, over the objections of the plaintiff, admitted the testimony of the defendant to the effect that when he sold and indorsed the note to W. D. McCallum, there was a distinct understanding between them that McCallum was buying to relieve his property of this incumbrance upon it, and that the defendant was in no manner to be held liable as indorser, but that the transaction was understood by both parties as a substitution of McCallum to all of Jobe's rights under his prior mortgage, which as a matter of fact was a full and ample indemnity and consideration to McCallum for his outlay for the note.

This fact being established, it is most clear that it would have been a great fraud and wrong upon the defendant to have enforced against him the collection of the note, when McCallum had already been fully reimbursed by the rescue of his estate from the valid incumbrance the defendant held upon it, and which passed to McCallum by the transfer of the note. We hold that in such a case the testimony was competent and was properly admitted.

There is a well-established exception to the rule, that parol evidence .is inadmissible to alter, vary or impair the legal effect of a written contract of endorsement such as this, which we fully recognize. As between the original parties to commercial paper, or others having no superior equities, parol evidence has always been admitted to show fraud, want or failure of consideration, or that the enforcement of the contract according to its legal effect, as gathered alone from the writing, would operate as a fraud upon the defendant. And we apprehend that nothing can be found in our decisions that, upon careful scrutiny, conflicts with this well-established exception, where a defendant has sought to bring himself within the exception. The rule is thus strongly stated in the text books: " Notwithstanding the general rule that bills and notes cannot be contradicted in their legal effect by oral evidence, it is well-settled that they may, between the original parties, be impeached for illegality, for failure of .consideration, for fraud, for want of consideration, or by showing a subsequent agreement varying the original contract, or waiving a portion of

it." Edw. on Bills, 141. "While the legal effect of an indorsement may not in general be changed by parol proof, the rule does not exclude proof of fraud or want or failure of consideration." *Id.*, 295, 296, 297.

Parol evidence may undoubtedly be given of the circumstances under which a note or its indorsement is made, in order to show a want or failure of consideration, or illegality in the transaction, or to present the defense of a fraudulent appropriation of the note to a purpose to which it was not intended, or to establish a contemporaneous agreement as to the mode of payment which has been executed in satisfaction of the debt. Chitty on Bills, 69, 142; *Dunçan, Sherman & Co.* v. *Gilbert*, 5 Dutcher, 521; *Oliver* v. *Phelps*, Spencer, 180; 1 Zab., 597; *Chaddock* v. *Vanness*, 35 N. J., 517; 10 Am. Rep., 258. These rules apply as between the immediate parties, or subsequent parties without superior equities. The language of the rule, says a late text writer, implies its limitation, for it does not extend to exclude evidence offered to show want or failure of consideration, or to impeach the original or present validity of the indorsement on the ground of fraud. Facts may always be proven by parol that tend to show that the enforcement of defendant's liability would operate as a fraud. 1 Danl. Neg. Inst., sections 720, 722. A fine illustration of the exception is found in the case of *Hill* v. *Ely*, 5 Serg. & Rawl., 366, where the holder handed Hill the notes, saying, "Hill, you must endorse the notes." The defendant replied, "that is not our understanding." To which the plaintiff rejoined, "they are made pay-

McCallum *v.* Jobe.

able to you, how will you convey them? You must indorse them that I may collect them." The defendant then said, "I will indorse them, but remember that I am not to be responsible for their payment." The court said the evidence went to prove a direct fraud in obtaining the indorsements, or their perversion to a use never intended—a fraudulent purpose. And the testimony was held properly admitted. But aside from this question, there are ample grounds upon which this verdict may be sustained, even if we concede the testimony of the defendant to have been improperly admitted, which we do not. When McCallum bought his note, the mortgage of the defendant, Jobe, for its security was an unquestionable incumbrance upon the land, and the mortgage is conceded to have been abundant security for its payment, while the mortgagor and maker of the note was known to all parties to be utterly insolvent. Now, whatever may have been the effect of Jobe's indorsement in imposing upon him a *prima facie* technical liability upon the note, it is manifest from the testimony of McCallum himself, and from all the surrounding circumstances, that McCallum's paramount object in buying the note was to discharge the incumbrance and relieve his property. And we are equally well satisfied that Jobe, having full knowledge of the insolvency of the maker of the note, and having a full and perfect security in the mortgage for the payment of the whole amount of the note and interest, would not have disposed of it as he did for less than its value, losing several years of interest upon it, if he had in-

tended that, in addition to his investing McCallum with all his interest in the mortgage, he was also to be held personally bound on the note. The facts of the whole negotiation are most unimpeachable witnesses for him and they acquit him of this great folly, and his own testimony to that effect, in our judgment, unquestionably interprets the true intention of the parties in the transaction. We hold that there is enough in the case, without his testimony, to show that it cannot be possible that it was the intention of the parties that he should be bound for the payment of the note.

It is developed in the proof, that Jobe's remedy under the mortgage was temporarily embarrassed by an injunction bill then pending to restrain the collection of certain separate interest notes alleged to be usurious, and the true solution of his conduct is in the fact that this transaction with McCallum was the shortest and best way for his own extrication, without the greater sacrifice of a protracted delay in the foreclosure of his mortgage. What, then, is the legal effect of this transaction? It seems to us that the authorities are very clear to the effect that by operation of law the debt was extinguished and that there can be no recovery on the note. In such a case the sale of the note carried the security with it, and no paper title was necessary to invest the purchaser with all the benefits of the mortgage. *Cleveland* v. *Martin*, 2 Head, 131. It would certainly be a monstrous anomaly of wrong to permit McCallum to be first reimbursed for his whole outlay by a discharge

McCallum *v.* Jobe.

of the incumbrance upon his land and then to be paid the same amount by compelling Jobe to pay the note, the former being doubly indemnified, and the latter losing his entire debt. The law scorns an alliance with injustice and oppression, and perhaps no case can be produced which so well illustrates the obvious justice and soundness of the principle, that in such a transaction the debt is merged and extinguished by operation of law.

In support of this view we cite numerous authorities bearing upon it in divers aspects, and which we hold to be decisive of the case: 1 Hil. on Mort., 236, 251, 375, 540, 543, 504; Perry on Trusts, 318, 351; 7 Hum., 127; 5 Cow., 202; 4 B. Mon., 529; 34 Iowa, 392; Meigs' R., 52; 4 Johns, 43; 15 Mass., 485; 19 Johns, 325; 2 Wash. R. P., 500; 6 Allen, 79; 2 Johns Ch., 128; 10 Paige, 255; 6 Yer., 116; 8 Mass., 493; 22 Pick., 394; 2 Col., 167; 9 Hum., 726; 20 Penn., 284; 14 Pick., 104; 3 Johns Ch., 53; 6 Johns Ch., 417; 1 Allen R., 242; 18 Ves., 384; 20 Mo., 482; 20 Mich., 9; 6 Pick., 492; 3 Cush., 554; 2 Barb. Ch., 618; 51 Ill., 331; 51 N. Y., 333; 10 Paige, 595.

Affirm the judgment.