Barnard, P. J.
The appellant asks to reverse the judgment solely upon a question of fact.
The defendant is a common carrier, and in April, 1885 the plaintiff was a passenger upon the defendants train. He got on at Flatbush avenue and got off at Eockaway avenue. The train stopped. The plaintiff while in the act of leaving the train from the forward platform of the car, was thrown from his balance by the sudden starting of the train. He was thereby thrown under the train, and lost the fore part of his foot. It was late at night. This is the plaintiff’s account of the accident. He is supported by Fox, a passenger on the train at the time. After the car stopped at Eockaway avenue, the plaintiff immediately went to the door and disappeared upon the front platform, “the next there was a jar of the car (he describes it) as if a sudden jerk from the engine.”
If these witnesses are to be credited the action was made out. A railroad company or other carrier of passengers must give sufficient time to the passenger to leave train or other conveyance. The defendant gave proof tending to show that the plaintiff had attempted- to get from the train while in motion, and after it had stopped and started again at Eockaway avenue.
No less than three witnesses who testify as eye witnesses so state. The question was one which must go to and be decided by the jury. There is nothing in the case upon appeal which calls for a reversal of the finding of the jury. The witnesses are apparently candid and truthful and still they differ in the most material manner. The numbers of *692 the witnesses on each side, are not so marked as to impeach the finding.
The damages which were $8,000 are not excessive.
The rule is, in that class of cases when there is no certain measure of damages, that a verdict will not be set aside as excessive, unless there is reason to believe that the jury were influenced by passion or prejudice.
The proof shows that the plaintiff was five weeks in the hospital and one month confined at home, and some two months on crutches. Can now walk a little with a stick. He cannot do his business as he did before his injury, .and never will. The business was an active one requiring the plaintiff to go from place to place and now he is compelled to use a horse and wagon to go about his business when he used to do it on foot. The least inequality under his foot is liable to put his ankle out of joint.
Under the cases upholding verdicts this verdict seems reasonable. Walker v. Erie R. R., 63 Barb., 200; Rockwells. Third Ave. R. R.,53 N. Y., 524; Gale v. N. C. R. R. Co., 76 id., 694; Pantzar v. Tilly Foster Mining Co., 16 N. Y. Week. Dig., 341; Ehrgott v. The Mayor, 96 N. Y., 271.
The judgment should be affirmed, with costs.
Pratt, J., concurs.
Pratt, J.
Only two points are raised upon this appeal: First, that the verdict is against the weight of evidence; and, second, that the damages awarded are excessive. We think the case was properly submitted to the jury. The plaintiff testified as to all the circumstances and was strongly corroborated by one witness. If it was a fact that plaintiff, after the accident, was found at the platform, then the testimony of defendant’s witnesses as to the circumstances of .the accident, could not have been true. It was a case proper to be submitted to a jury, and after having been so submitted and a verdict rendered, it ought not to be disturbed.
Neither do we think the damages were so clearly excessive as to warrant, the inference that the jury was actuated by any motives of passion, partiality or prejudice in rendering their verdict. The rule is well settled that in actions for personal injury the courts will closely scrutinize the facts, and unless it clearly appears that the jury has committed some palpable error or acted under some improper bias, inference or prejudice or have totally mistaken the rules of law by which the damages are to be regulated, a new trial will not be granted on the ground of excessive damages.
In this case the damages are round, but they cannot be said to be excessive with well established rules of law.
Judgment affirmed, with costs.